PETER ANDERSON v. INTERNATIONAL HARVESTER COMPANY OF AMERICA.[1]

April 10, 1908.

Nos. 15,434—(211).

**Exemplary Damages.**

Where, in an action to recover damages for a tort, the evidence shows that the act was committed wilfully, wrongfully, or maliciously, or fraudulently, or oppressively, and is of such a character as to indicate that the defendant acted with a reckless disregard of the rights of the plaintiff, the jury may, in its discretion, award exemplary damages. Actual malice is not always necessary.

**What is Malicious.**

Whatever is done wilfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is, in legal contemplation, malicious.

**Assault—Charge to Jury.**

In an action to recover damages for an assault, the court instructed the jury that "if, under the testimony of the case, you find and believe that such an assault was committed wilfully and unlawfully, you may allow plaintiff such additional sum as in your judgment you think would be proper and right by way of punitory or exemplary damages, for the purpose of deterring others from the commission of similar acts in the future." The evidence showed that, as the plaintiff attempted to pass through a barn door to gain the yard and assist his wife, who had been attacked by a third party, the defendant's agent, then standing in the doorway, struck him a blow in the face, causing the injuries of which complaint is made. In connection with these facts it is *held* that the instruction was correct, although the word "maliciously" was not used in connection with the words "wrongfully and unlawfully." Such an act is in legal contemplation malicious.

[1] Reported in 116 N. W. 101.

104 M.—4

Action in the district court for Pope county to recover $1,500 damages for an assault alleged to have been committed by defendant's agent. The case was tried before Flaherty, J., and a jury which returned a verdict in favor of plaintiff for $300. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

C. J. Gunderson, for appellant.

Webster & Olson, for respondent.

ELLIOTT, J.

In an action to recover damages alleged to have been occasioned by an assault committed by an agent of the defendant, the plaintiff recovered a verdict for $300. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, the defendant appealed to this court.

Of the sixteen assignments of error, but seven are discussed in the briefs, and the others are therefore waived. Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840.

The appellant contends that the complaint does not state facts sufficient to constitute a cause of action, and that the assault was not made while the employee was acting for the defendant. Errors are also assigned upon the refusal of the court to strike out the evidence of the witness Thompson, the reception of the evidence of the witness McLachlan, and the instructions given the jury with reference to exemplary damages.

We think the complaint, when fairly construed, states a cause of action.

The evidence was sufficient to justify the jury in finding that the assault was made by the agent, Van Slyke, while engaged in doing, and in furtherance of, the very act for which he was employed by the defendant. Van Slyke was the agent of the International Harvester Company, and was sent to the residence of the plaintiff, Anderson, for the purpose of foreclosing a chattel mortgage. It is not material whether the note and mortgage were owned by the International Harvester Company, or by what is referred to as the "McCormick Branch" of the company. It is conceded that Van Slyke was there as the agent of the International Harvester Company, and that he was acting as.

its agent in the collection of the note and the foreclosure of the mortgage. There was evidence tending to show that Van Slyke demanded the possession of the horses; that, upon being informed by Anderson that he could not have the horses, he went to the barn for the purpose of taking possession; that Anderson reached the barn first, and refused to permit Van Slyke to enter. He resorted to force, and after some scuffling Anderson attempted to pass Van Slyke and go to the assistance of his wife, who it is claimed had been attacked by one McLachlan, who had accompanied Van Slyke and apparently was assisting him. As Anderson passed out of the door, Van Slyke struck him a blow which occasioned the injuries complained of. Defendant's claim is that at the particular time when the blow was struck Van Slyke was not acting as the agent of the company. In view of the fact that there had been a struggle between the parties before that particular blow was struck, and that it was immediately thereafter renewed in the stable, the evidence was sufficient to justify the jury in coming to the conclusion that the blow was struck by Van Slyke in aid of his purpose to obtain possession of the horses. It was all one transaction, and we cannot, as a matter of law, say that the particular blow was struck while Van Slyke was not acting as the defendant's agent. Upon all the facts it was for the jury to determine.

There was nothing in the objections to the rulings of the court upon the reception or rejection of evidence which would justify a reversal.

As we read the instructions of the trial court with reference to exemplary damages, the rule was correctly stated. It is settled in this state that a corporation may be liable for exemplary damages. Peterson v. Western Union Tel. Co., 75 Minn. 368, 77 N. W. 985, 43 L. R. A. 581, 74 Am. St. 502. The recovery of punitive damages is not a matter of legal right. If it appears from the evidence that the act complained of was wanton, malicious, fraudulent, or oppressive, and such as to show a reckless disregard of the rights of the plaintiff, the jury may, in its discretion, award exemplary damages. Berg v. St. Paul City R. Co., 96 Minn. 513, 105 N. W. 191; Vine v. Casmey, 86 Minn. 74, 90 N. W. 158. It is reversible error for the court to direct the jury to award exemplary damages. Sneve v. Lunder, 100 Minn. 5, 110 N. W. 99.

It is argued that the court violated this rule when it instructed the jury that "if, under the testimony in the case, you find and believe that such an assault was committed wilfully and unlawfully, you may allow plaintiff such additional sum as in your judgment you think would be proper and right by way of punitory or exemplary damages, for the purpose of deterring others from the commission of similar acts in the future." The recovery of punitive damages is by this instruction left to the discretion of the jurors. They are informed that they may return such damages, not that they must do so, if the evidence shows that the assault was wilfully and unlawfully committed.

It is, however, contended that the instruction is erroneous because the trial court failed to use the word "malicious." We think this contention, if sustained, would unduly restrict the cases in which exemplary damages are recoverable. The authorities very generally permit recovery when the tort is committed with cruelty, oppression, insult, or such gross negligence as to justify the inference of malice as a matter of law. The conditions under which such damages are recoverable are stated in the alternative. All these conditions need not concur. Thus, in Vine v. Casmey, 86 Minn. 74, 90 N. W. 158, it is said that "to justify such damages the tort must have been committed wantonly or maliciously, or with such insult, cruelty, oppression, or gross negligence, or such other aggravating circumstances, as to establish malice in fact." In Berg v. St. Paul City Ry. Co., 96 Minn. 513, 105 N. W. 191, the court said: "The correct rule is that where the defendant's act, which is the subject-matter of the action, is shown to have been wanton, or malicious, or fraudulent, or oppressive, and of such a character as to indicate that he acted with a reckless disregard of the rights of the plaintiff, the jury in their discretion may award to the plaintiff, in addition to his compensatory damages, such further reasonable sum as exemplary damages as they deem just; but the plaintiff is not entitled to such damages as a matter of legal right in any case." In 1 Joyce, Dam. § 119, it is said that the jury is not at liberty to go beyond the allowance of compensatory damages, unless it be shown that the act was done "wilfully, maliciously, or wantonly, or was the result of that reckless indifference to the rights of others which is equivalent to an intentional violation of them." The same author (section 122) says that exemplary damages should not be allowed "where no element

of wilfulness or wantonness appears." In Wood v. American, 100 Va. 306, 40 S. E. 931, the court said that "exemplary damages are allowable only where there is misconduct or malice or such recklessness or negligence as evinces a conscious disregard of the rights of others." Similar alternative statements will be found in Shaw v. Brown, 41 Tex. 449; Lienkauf v. Morris, 66 Ala. 416; Holmes v. Carolina, 94 N. C. 318; Linsley v. Bushnell, 15 Conn. 225, 236, 38 Am. Dec. 79; Bernheimer v. Becker, 102 Md. 250, 62 Atl. 526, 3 L. R. A. (N. S.) 221, 111 Am. St. 356; Hayes v. Railroad, 141 N. C. 195, 53 S. E. 847. To the contrary, see Gardner v. St. Louis, 117 Mo. App. 138, 93 S. W. 917.

It may be that the words "wilful" and "unlawful" do not, under all circumstances, imply malice; but, when used by the court in an instruction in connection with a statement of the facts which constitute an assault such as is described in the evidence in this case, they designate a wrongful act, done intentionally, without just or reasonable cause, and such as justifies the jury in awarding exemplary damages. See State v. Preston, 34 Wis. 675. In Wills v. Noyes, 12 Pick. (Mass.) 324, Chief Justice Shaw said: "Whatever is done wilfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malicious. That which is done contrary to one's own conviction of duty, or with a wilful disregard of the rights of others, whether it be to compass some unlawful end or some lawful end by unlawful means, or, in the language of the charge, to do a wrong or unlawful act, knowing it to be such, constitutes legal malice." This language was quoted with approval by this court in Lynd v. Picket, 7 Minn. 128 (184), 82 Am. Dec. 79. Under this rule the instruction given in the case at bar, while somewhat meager, was not erroneous.

The order of the trial court is therefore affirmed.

BROWN, J. (dissenting).

It is doubtful whether the correct rule of exemplary damages was given in the instructions of the court. The court charged the jury that, if the acts of defendant's agent were "wilful and unlawful," exemplary damages might be given. This did not include the essential element of malice. "The mere fact that a party has committed a wrongful

and unlawful act affecting the person or property of another does not justify the imposition of exemplary damages. * * * To justify such damages the tort must have been committed wantonly or maliciously, or with such insult, cruelty, or oppression, or gross negligence, or such other aggravating circumstances, as to establish malice in fact." Vine v. Casmey, 86 Minn. 74, 90 N. W. 158; Seeman v. Feeney, 19 Minn. 54 (79). In civil procedure the word "wilful" does not necessarily imply malice or bad faith. 30 Am. & Eng. Enc. (2d Ed.) 529; Odin v. Denman, 185 Ill. 413, 57 N. E. 192, 76 Am. St. 45; Highway v. Ely, 54 Mich. 173, 19 N. W. 940. The ordinary significance of the word, outside of the criminal law, is that of "intention." Com. v. Williams, 110 Mass. 401; Com. v. Kneeland, 20 Pick. (Mass.) 206, 245. So that the jury may have understood the court to mean that, if the act complained of was "intentional and unlawful," exemplary damages could be given.