WILLIAM BAUMGARTNER v. FRED HODGDON.[1]

June 26, 1908.

Nos. 15,733—(166).

**Assault and Battery—Mitigation of Damages.**

During an apparently friendly discussion of the merits of a certain horse owned by one of the parties, carried on by plaintiff, defendant, and others, plaintiff in a good-natured way remarked either that defendant had "a thing of a horse" or that the horse was "the damnedest look-ing horse" plaintiff ever saw. Whereupon defendant flew into a passion and violently assaulted plaintiff, inflicting serious injuries to his person. The trial court charged the jury that the plaintiff's remark, whichever version thereof the jury found to be true, furnished no ground for the assault and could not be considered in mitigation of damages. *Held*, though insulting and abusive language may ordinarily be considered in mitigation of damages in such cases, that the particular language here shown to have been used does not bring the case within the rule, and the charge of the court was correct.

**Evidence—Exemplary Damages.**

In an action for assault and battery, the evidence is *held* sufficient to justify the recovery of exemplary damages, within the rule that such damages can be awarded only upon a showing that the wrong complain-ed of was wilful and malicious.

Action in the district court for Renville county to recover $5,100 for assault and battery. The case was tried before Powers, J., and a jury which rendered a verdict in favor of plaintiff for $1,063. From

1 Reported in 116 N. W. 1030.

an order denying his motion for a new trial, defendant appealed. Affirmed.

*Parsons & Bowler*, for appellant.

*Daly & Barnard* and *Frank Murray*, for respondent.

BROWN, J.

Action to recover damages for an assault and battery, in which plaintiff had a verdict, and defendant appealed from an order denying a new trial.

The material facts are as follows: On the evening of April 4, 1907, the parties to this action, with several others, were at a local store in Bird Island, their home town, engaged in exchanging stories with the proprietor and discussing the weather and other interesting subjects, including the merits of horses owned by some of them. Some member of the party remarked in a good-natured way that a pair of horses owned by plaintiff were the laziest on earth, and that a constant and vigorous application of the whip or "shoving the lines on them" was necessary to keep them on the move. Defendant was asked what he thought of this team, and he replied that they "ought to be put on a stretcher." Some one then stated to defendant that if he had been at home during the day he could have made a horse trade, as a horse trader had been in town. Whereupon plaintiff remarked, apparently in a joking way, "Yes, Mr. Hodgdon (defendant) has a thing of a horse in the yard there." At this statement defendant immediately flew into a passion and violently assaulted plaintiff, inflicting the injuries complained of.

There is a dispute as to just what plaintiff said about defendant's horse. Plaintiff's version is given above, but defendant testified that the remark was that the horse (defendant's) was the "damnedest looking horse he [plaintiff] ever saw." As we view the matter, it is not important which remark was made. Both may be conceded to have been slanderous and defamatory of the horse, more so perhaps than to speak of an ordinary dog as a worthless cur, which beyond question the dog would have the right to resent, if not true. If true, however, a due respect for the law would require of him meek submission; for the old rule of the common law that the greater the truth the greater the libel does not apply to his kind. But for the purpose of the case we treat defendant's version of the remark as the truth, and

test the correctness of the court's charge presently to be mentioned by the effect that language might reasonably have had upon his sensitive nature.

Defendant's motion for a new trial was based on alleged errors occurring on the trial and on the claim that the verdict was not sustained by the evidence. Several assignments of error are made in this court, which will be considered in their order.

1. It is contended that the court below erred in instructing the jury that they might, if they found the assault complained of to have been wilful and malicious, award to plaintiff exemplary damages in addition to compensation for the injuries suffered. Some criticism was made on the oral argument of the rule permitting exemplary damages in cases of this kind, but the rule is too firmly settled as the law of this state to justify a discussion of the general question. Germolus v. Sausser, 83 Minn. 141, 85 N. W. 946; Lynd v. Picket, 7 Minn. 128 (184), 82 Am. Dec. 79; Fox v. Stevens, 13 Minn. 252 (272); Craig v. Cook, 28 Minn. 232, 9 N. W. 712; State v. Shevlin-Carpenter Co., 99 Minn. 158, 108 N. W. 935; Anderson v. International Harvester Co., 104 Minn. 49, 116 N. W. 101. Such damages can be given only where the wrong complained of was wilful and malicious, or committed in a spirit of mischief and criminal indifference to civil obligations. The only question, therefore, under the assignments of error covering this branch of the case, is whether the evidence sufficiently indicated and disclosed malice on the part of defendant of a nature to justify the jury in awarding exemplary damages within the rule. Our view of the evidence, taken as a whole, though the assault was in a measure the result of a sudden impulse, is that it fully justified the jury in finding malice, and the court rightly submitted the question to them.

2. The court further charged the jury that the words used by plaintiff, whatever they were as shown by the evidence, would not constitute a justification for the assault; "neither could they be considered in mitigation of damages." This is assigned as error. Defendant does not complain of that part of the instruction by which the jury were told that the language was no justification for the assault; but he does complain because the court thereby withdrew the language from consideration in mitigation of damages.

As applied to this particular case, we discover no error in this instruction. The court did not intend to lay down the abstract proposition that insulting or offensive language could not in any case be considered by the jury in mitigation of damages. Crosby v. Humphreys, 59 Minn. 92, 60 N. W. 843. The court had in mind the particular language used by plaintiff, and which it was insisted was the cause of the assault. We have no difficulty in concurring in the view of the learned trial judge, whichever version of plaintiff's language— "a thing of a horse," or the "damnedest looking horse"—be adopted. The language contains nothing whatever to prompt a person possessed of ordinary common sense and judgment to commit a breach of the peace. The most that can be said of it is that it was disrespectful to the horse; but the horse was not present, and there was no horse trade on. Moreover, we have the right to assume that the animal was endowed by nature with the usual amount of "horse sense," and that, had the remark been overheard by him, he would have dismissed it without reply as the opinion of one not competent to speak on the subject. Therefore, as a matter of law, the remark could furnish no pretext whatever for the assault committed by defendant and was not a proper subject for consideration in mitigation of damages.

3. The damages ($1,063) are not excessive. The evidence tends to show, and was sufficient to justify the jury in finding, that without cause or the least justification defendant struck plaintiff a violent blow on the side of his head, causing a rupture of the eardrum and permanent impairment of his sense of hearing.

4. Nor do the assignments of error not already mentioned present reversible error. Defendant was arrested, charged with this assault, on a warrant issued by a justice of the peace, and the justice was permitted, over defendant's objection, to testify orally that defendant pleaded guilty. It is claimed that the docket of the justice was the best evidence and should have been produced, and that it was error to permit the justice to testify to the fact. If this ruling was error, it was without prejudice to the substantial rights of defendant.

Order affirmed.