# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

## LEA K. BURNHAM v. ELK LAUNDRY COMPANY.[1]

February 21, 1913.

Nos. 17,860—(196).

**Question for jury.**

In an action against the principal for an assault and battery committed by his agent upon plaintiff, it is *held* that the question whether the assault so committed was in the course of the agent's employment was one of fact and properly submitted to the jury.

[1] Reported in 139 N. W. 1069.

Note.—On the question of the liability of a master for tort committed by servant in course of his employment, and with a view to the furtherance of his master's business, but contrary to the master's express instructions, see note in 18 L.R.A.(N.S.) 416.

As to whether an assault growing out of quarrel commenced while employee is acting within scope of his employment may be regarded as a personal act of the employee for which the employer is not liable, see note in 9 L.R.A.(N.S.) 1175.

As to the liability of a master for injury from the sportive manner in which a servant performs an act done in the discharge of his duty, see note in 13 L.R.A.(N.S.) 1193.

121 M.—1.

Action in the district court for Ramsey county to recover $3,100 for assault and battery. The complaint alleged the assault was committed by defendant through its agents and servants, who were acting in the course of their employment and transacting the business of defendant in its behalf within the scope of their employment. The answer was a general denial. The case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $700. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*John D. O'Brien* and *Dillon J. O'Brien,* for appellant.

*Martin J. Ryan* and *John I. Levin,* for respondent.

BROWN, C. J.

Action for damages for an assault and battery committed upon plaintiff by a servant of defendant. Plaintiff had a verdict, upon which judgment was entered, and defendant appealed, having first moved the court for judgment notwithstanding the verdict.

The facts are as follows:

Defendant, a corporation, is engaged in operating a laundry in the city of St. Paul. For the accommodation of its patrons its office is kept open Saturday evenings until 9 o'clock to enable them to call for and receive their laundered articles, where delivery has not previously been made. Plaintiff was a patron of the company, and on the evening of September 2, 1911, called at the office for his laundry. One Jansen was in charge of the office at this time, and clothed with authority to wait upon patrons as they might appear, to collect amounts due for laundry work, and deliver packages to those entitled to them. He seems to have had sole charge at the time in question, though his position during working hours was that of superintendent or foreman. Plaintiff, with a lady companion, entered the office and called for his laundry. Jansen found it, and stated that the amount due thereon was $2.98, a part of the amount being for previous work, and he stated that the package could not be delivered until the amount was paid. Plaintiff disputed the claim, and insisted that he was indebted to the company only for the amount due for launder-

ing the particular articles then called for, which he offered to pay. Jansen refused to accept anything short of the whole amount claimed to be due. Plaintiff testified that he offered a check for that amount, but that Jansen refused to accept the same, and demanded the money. Words followed, each party evidently somewhat angered, when finally Jansen threatened to put plaintiff out of the office unless he quieted himself. Plaintiff further testified that, being unable to get his package, he started to leave the office, when Jansen kicked him in the back, knocked him down the stairway leading from the office to the street, and that, when upon the sidewalk, Jansen threw him down and violently pounded his head upon the walk, and otherwise abused and injured his person. Jansen finally released plaintiff, and he proceeded to the doctor's office for treatment. There is no doubt of the fact that plaintiff was considerably injured by the result of this encounter, and the jury awarded him a verdict for $700.

There is no controversy about the facts, though it was claimed on the trial below that plaintiff was the aggressor, while plaintiff insisted that Jansen was the offending party. The jury solved this issue in plaintiff's favor. It is conceded that plaintiff was in the right respecting the amount due the company. Some clerk other than Jansen had erroneously made the overcharge against plaintiff. Jansen did not know of the error. The action for damages proceeds upon the theory that the act of Jansen was in the course of his employment as the servant of defendant, for which, whether malicious or not, defendant is liable. Defendant contends that the assault was unauthorized by it, that it was not within the scope of Jansen's agency and no liability attaches to defendant, and that the court erred in not directing a verdict for defendant. The soundness of this contention presents the sole question on this appeal.

It clearly appears that the controversy between the parties and the resulting assault upon plaintiff arose from the dispute concerning the amount due from plaintiff, and Jansen's refusal to surrender the laundry until payment was made. The parties were strangers to each other, and no personal motive prompted the assault.

Upon the question as to what wrongful acts, committed by an

agent, come within the "scope or course of the agent's employment," the authorities are in hopeless confusion. It is not at all difficult to find conflicting decisions from different courts upon the same, or substantially the same, state of facts. The old rule by which the question was made to turn upon a strict application of legal principles has undergone changes in later decisions, and the question under the modern trend of opinion resolves itself into one of fact, or mixed law and fact. Chief Justice Start, in referring to the subject in the case of McLaughlin v. Cloquet Tie & Post Co. 119 Minn. 454, 138 N. W. 434, at page 458, said:

"While the abstract rule is well settled, some confusion has arisen in applying it concretely, especially with reference to the meaning of the term 'the course of and within the scope of his employment.' No hard and fast definition of the term, applicable to all cases, can be given. Some of the earlier cases in this court seemingly applied the rule with literal exactness; but the tendency of the later cases is to give the rule a more liberal and practical application, especially in cases where the business of the master intrusted to his servants involved a duty owed by him to the public."

Penas v. Chicago, M. & St. P. Ry. Co. 112 Minn. 203, 127 N. W. 926, 30 L.R.A.(N.S.) 627, 140 Am. St. 470; Theisen v. Porter, 56 Minn. 555, 58 N. W. 265; Anderson v. International Harvester Co., 104 Minn. 49, 116 N. W. 101, and other authorities cited by the Chief Justice in the McLaughlin case.

We are of opinion that the question in the case at bar was properly submitted to the jury. Defendant operated a public laundry, inviting the general public to transact business with it. Its patrons had the right to enter its office for the transaction of business with the company, and while there the company owed them the duty of exercising reasonable care to protect them from injury or harm. Jansen was in charge of its office at the time in question, with authority to deal with patrons, to collect money due, and deliver laundered packages. He had, necessarily, implied authority to preserve order on the premises and to expel disorderly persons therefrom. Redding v. South Carolina, 3 S. C. 1, 16 Am. Rep. 681. He claimed on the trial that plaintiff was abusive and disorderly, and commenced the diffi-

culty between them; but the jury found against his contention. The whole trouble grew out of the discharge of, and was connected with the performance of the duties of, his employment, namely, the collection of money due the company before delivering packages to patrons. He lost his patience, and in connection with efforts to remove plaintiff from the office committed the assault complained of.

In the McLaughlin case, supra, the servant was engaged in driving logs down a stream, and was compelled to wade into the water in the performance of his work. His clothing became wet, and for the purpose of drying them he started a fire on the bank of the stream. The fire so started spread to a neighboring farm and destroyed property of a third person. We held that whether the act of starting of the fire for the purposes stated was within the scope of the servant's employment was an issue for the jury. Drying his clothing was, of course, no part of his work, yet the method adopted for that purpose was in the course of his employment, and resulted in injury to a third person.

So in the case at bar the assault upon plaintiff was in no sense one of the duties of Jansen's employment, yet the assault was committed in the course of the performance of his duties, and was the result of a compliance with orders and directions to collect money of patrons before delivering packages to them. We think the jury was properly permitted to say whether the assault was within the scope of Jansen's employment. Sina v. Carlson, 120 Minn. 283, 139 N. W. 601.

Judgment affirmed.