## H. H. HAMMER v. ALBERT FORDE.[1]

March 6, 1914.

Nos. 18,511—(289).

**Libel — allegations in pleadings.**

1. Allegations in a pleading are privileged and cannot serve as a basis for a libel suit, unless it clearly appears that the same were not pertinent, material, or relevant to the controversy in litigation. All doubt should be resolved against a contention that the privilege has been exceeded.

**Demurrer sustained.**

2. Under this rule the demurrer to the complaint herein was properly sustained.

Action in the district court for Fillmore county to recover $10,000 for libel. From an order, Kingsley, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*F. A. Duxbury* and *L. L. Duxbury,* for appellant.

*John W. Hopp* and *J. C. White,* for respondent.

HOLT, J.

In this action for libel it is alleged that defendant, in his complaint in a suit against the village of Mabel for creating and maintaining a private nuisance, stated and published, of and concerning this plaintiff, these false and defamatory words: "That at the time of signing and making of said lease (meaning lease between said Hadley Larson and said village of Mabel) the lessor (meaning the said Hadley Larson) and the said H. H. Hammer (meaning this plaintiff) entered into and made said lease with personal malice and the avowed intention of injuring the property of the plaintiff

[1] Reported in 145 N. W. 810.

Note.—As to libel by defamatory words in pleading, see notes in 22 L.R.A. 649 and 13 L.R.A.(N.S.) 820. And on the question whether publication of pleadings or other papers, before any hearing has been had thereon, is privileged. see notes in 12 L.R.A.(N.S.) 188 and 38 L.R.A.(N.S.) 913.

herein." The complaint wherein this libel is alleged to have been published is attached to and made a part of the complaint herein. Plaintiff appeals from the order sustaining a demurrer to his complaint.

Accusations contained in pleadings and judicial proceedings are generally privileged, provided the matter is pertinent and material or relevant to the issues involved. Sherwood v. Powell, 61 Minn. 479, 63 N. W. 1103, 29 L.R.A. 153, 52 Am. St. 614. In order that every one may feel free to seek justice, he should be allowed to state his cause of action or defense fully to the court without fear of being subjected to a lawsuit for so doing, unless he clearly abuses the privilege. Therefore courts are prone to be liberal in considering the pertinency or materiality of the matters stated in a pleading in case of an attempt to use the same as a foundation for a libel suit. "When a question of relevancy and pertinency of matters alleged in pleadings are to be inquired into, all doubt should be resolved in favor of relevancy and pertinency," Kemper v. Fort, 219 Pa. St. 85, 67 Atl. 991, 13 L.R.A.(N.S.) 820, 123 Am. St. Rep. 623, 12 Ann. Cas. 1022. It is not important that the one claimed to have been libeled was not a party to the suit, provided some fair legal basis may be suggested for the materiality of the allegations concerning him.

Testing the alleged libel contained in the complaint served by this defendant, Mr. Forde, in his suit against the village of Mabel we have this situation: The village was charged with leasing from the owner, Hadley Larson, land for the wrongful purpose of thereon creating a nuisance seriously injuring the adjoining premises of Mr. Forde. It is alleged that H. H. Hammer executed the lease in behalf of the village, and then follows the alleged libel above set out. Hence, so far as the complaint against the village is concerned, plaintiff herein acted for the village in selecting the dump and making the lease therefor. It would have served the pleader's object equally well to have alleged the unlawful and wanton intention of the village to injure Mr. Forde without naming the parties through whom it acted. But, if the intention and animus of the agents of a municipal corporation be admissible in evidence when such intention and

animus is charged directly against the corporation, it would seem neither impertinent nor irrelevant to plead the facts with reference to such agents through whom the purpose of the village was made manifest. It is to be observed that in selecting dumping grounds and creating a nuisance, such as alleged, the village was not performing a governmental function.

The law is settled in this state that punitive damages may be assessed against a private corporation for a wanton tort committed by its agents or servants within the scope of their employment, and, of course, in such a case it is clear that the animus and conduct of the agent or servant may be shown. Peterson v. Western Union Tel. Co. 75 Minn. 368, 77 N. W. 985, 43 L.R.A. 581, 74 Am. St. 502; Anderson v. International Harvester Co. 104 Minn. 49, 116 N. W. 101, 16 L.R.A.(N.S.) 440. And although it might not be necessary to allege their names or the part taken by them in the actual commission of the tort, nevertheless, if such allegations are made, they could not be considered impertinent or irrelevant.

It must, however, be admitted that a municipal corporation is not generally placed in the same class with other corporations in respect to exemplary damages. Still it has not been decided in this state that such damages may not be imposed on a municipal corporation for a wanton tort, nor do we intend to decide that question now. Suffice to say, the decisions in other jurisdictions, where courts have passed on the proposition, are to the effect that, while such damages are rarely permissible against a municipal corporation, nevertheless facts may so clearly establish malice and wanton injury that the municipality would not be immune from exemplary damages. In Willett v. The Village of St. Albans, 69 Vt. 330, 38 Atl. 72, it is said: "Exemplary damages cannot be awarded against a municipal corporation unless, in some legal way, it previously authorized or subsequently approved the wrong." Similar language is used in City of Decatur v. Fisher, 53 Ill. 408, and in City of Chicago v. Kelly, 69 Ill. 475. The author of the exhaustive note to Elam v. Mt. Sterling, 20 L.R.A.(N.S.) 512, involving liability of municipal corporations for defects or obstructions in streets, closes his review

thus (page 769): "Damages in actions of this class seem to be governed by general rules applicable to ordinary actions for negligence; but vindictive, exemplary, or punitive damages cannot be recovered except in cases of malice, or gross or wilful negligence." Wilson v. Town of Granby, 47 Conn. 59, 36 Am. Rep. 51, holds that damages against a town for injury through defect in a highway should be compensatory merely, unless the jury should find gross negligence. 28 Cyc. 1529.

Since there is no decision in this state, holding a municipal corporation exempt from punitive damages and the authorities elsewhere suggest that such corporation might in a proper case be subject thereto, it seems to us, in view of the liberal rule under which litigants may present their controversies in court without incurring liability for libel or slander, it should be held that the reference to this plaintiff in defendant's complaint against the village of Mabel was not impertinent or irrelevant.

The materiality and pertinency of the alleged libelous paragraph to the cause of action, as stated in the complaint against the village, may also be upheld on the ground that it went to show an improper selection of a dumping ground; and, since the village could select a place for that purpose only through officers or agents, it may not be said that allegations are impertinent or irrelevant which show that the agents and officers intrusted with that duty did not make a proper selection because they were actuated by bad faith and a malicious desire to injure Mr. Forde.

We conclude that trial court rightly sustained the demurrer.

Order affirmed.