# G. F. SUNDERLAND v. NORTHERN EXPRESS COMPANY.[1]

May 26, 1916.

Nos. 19,741—(143).

**Assault and battery — liability of employer for act of agent.**

> An office clerk of an express company went to the assistant auditor of the company in charge of the office to ask for a raise in salary. In the colloquy that followed warm words were passed and the employee announced that he would quit his job, in language which the assistant auditor considered insolent. As the employee was walking away the assistant auditor followed him and kicked him. *Held*, that the act was not within the scope of the employment of the assistant auditor and the express company is not liable for his act.

Action in the municipal court of St. Paul by the father of plaintiff minor to recover $500 for assault and battery committed by defendant's agent. The case was tried before Finehout, J., and a jury which returned a verdict for $200. From an order denying its motion for a new trial, defendant appealed. Reversed and new trial granted.

*C. W. Bunn* and *D. R. Frost,* for appellant.

*Daniel J. Hollihan,* for respondent.

HALLAM, J.

1. Plaintiff minor was employed in the accounting department of defendant company. One Onslow, assistant auditor, was in charge of the department. Plaintiff came to Onslow and, according to plaintiff, this followed: "I went up and asked Mr. Onslow—I asked him if there was any chance for a raise, and he said yes, after you show up, in a loud tone of voice. I said, haven't I shown up, and he said don't talk to me in that tone of voice. All right, then I said to hell with the job. I started walk-

[1]Reported in 157 N. W. 1085.

Note.—As to when may assault growing out of quarrel commenced while employee is acting within the scope of his employment be regarded as a personal act of the employee for which the employer is not liable, see note in 9 L.R.A.(N.S.) 475.

ing away taking off my sleeves, and he walked after me for ten or fifteen feet and made a kick at me and reached me and kicked me."

The assault was unjustified and Onslow is civilly liable for damages. The question is, was the express company liable for the act of Onslow? The general principles are well settled. A master is answerable for the torts of his servant if done within the scope of his authority, that is, in the course of his employment and as a means of furthering the master's business, and not for a purpose personal to himself. Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L.R.A.(N.S.) 598; Barrett v. Minneapolis, St. P. & S. S. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 130 Am. St. 585; Sina v. Carlson, 120 Minn. 283, 139 N. W. 601. It is not essential that the tort should be authorized. It may be an act forbidden. If it is committed as a means, or for the purpose, of doing the work which the employee was employed to do, it is within the scope of his employment and the master is liable. For example, a servant in charge of his master's premises, or in whom is reposed the duty of protecting the property, and persons thereon, or of maintaining good order, or suppressing disorder, may render his master liable for an unjustified assault upon one whom he believes to be disorderly or whom he believes interferes with property or persons upon the premises. See Burnham v. Elk Laundry Co. 121 Minn. 1, 139 N. W. 1069; Rogahn v. The Moore Mnfg. & Fdry. Co. 79 Wis. 573, 48 N. W. 669.

We are of the opinion that the act of Onslow was not within the scope of his employment. Onslow was merely chief of a clerical department of defendant. If it could be said that he was charged with the duty of preserving order in the room or of ejecting a person who was disorderly, or who conducted himself improperly, he was not at this time engaged in carrying out any such purpose. There was no disorder. Onslow was not trying to eject plaintiff. The language and manner of plaintiff was personally offensive to him and he undertook to chastise plaintiff therefor. Onslow was charged with no duty of chastising employees. The fact that the trouble occurred in an office of which Onslow was the head is not important, unless the act which caused the injury pertained to the duties which he was employed to perform. The act which caused the injury to plaintiff did not pertain to any duty which Onslow was employed to

perform, but was done in furtherance of a purpose purely personal to himself.

Johanson v. Pioneer Fuel Co. 72 Minn. 405, 75 N. W. 719, is a parallel case. There a customer of a fuel company came to the company's dock with a sack to take away a quantity of coal he had bought. He transacted his business with one McKee who was in charge of the dock. One sack was weighed as a basis. When plaintiff came at a subsequent time McKee charged him with bringing a larger sack, and apparently refused to allow him to fill the sack. Thereupon arose a quarrel over a question of honesty and veracity between the customer and the employee and the assault followed. It was held that the quarrel was purely a personal matter between the employee and the customer, that the assault was outside of the scope of the employee's employment and that the company was not liable therefor.

Smith v. Memphis & A. C. Packet Co. (Tenn.) 1 S. W. 104, is a parallel case. There a packet company was held not liable to one employed to assist in unloading freight, under the direction of the mate of a boat, for the blows struck by the mate, arising out of a dispute because the mate required him to walk faster. See Hudson v. M. K. & T. Ry. Co. 16 Kan. 470; Meehan v. Morewood, 52 Hun (N. Y.) 566, 5 N. Y. Supp. 710.

Order reversed and new trial granted.