# THOMAS M. DAIGLE v. SUMMIT MERCANTILE COMPANY AND ANOTHER.[1]

November 21, 1919.

No. 21,463.

**Replevin — act of sheriff outside his county not an official act.**

1. A sheriff, or his deputy, in serving a summons or attempting to take property in replevin proceedings in a county of which he is not an officer, acts in an individual and not an official capacity.

**Deputy sheriff and his principal liable for assault.**

2. Upon a consideration of the evidence, it is *held* to justify a jury in finding that a deputy sheriff, in committing an assault, was acting as the agent and in the furtherance of the business of the person for whom he was serving a summons, and in charging such person with liability therefor.

**Charge to jury — punitive damages.**

3. There was no error in instructing the jury that, in their discretion, they might award punitive damages as against both defendants.

**Assault — verdict not excessive.**

4. A verdict for $1,250 in an action for damages for assault is not so excessive as to indicate passion and prejudice on the part of the jury, even though the physical injury to the plaintiff was not serious, there being credible testimony to the effect that he was the victim of an unprovoked attack on his own premises, in the course of which he was roughly handled in wanton disregard of his rights.

**Joint verdict — defendant cannot complain, when.**

5. Where no request for separate verdicts is made, either as to compensatory or punitive damages, a defendant who did not actively participate in the assault cannot complain because he was jointly held with his codefendant for the entire amount of damages awarded.

Action transferred to the district court for Beltrami county to recover $5,000 for malicious assault. The case was tried before Stanton, J., who

[1] Reported in 174 N. W. 830.

denied the motions of defendant company for a directed verdict, and a jury which returned a verdict for $1,250. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, Summit Mercantile Company appealed. From an order denying his motion for a new trial, John Thompson appealed. Affirmed.

*C. L. Pegelow,* for appellants.

*H. W. Stark,* for respondent.

LEES, C.

The defendant Summit Mercantile Company held a chattel mortgage against the plaintiff. The defendant John Thompson was the president and general manager of the Mercantile Company. In December, 1915, the company began an action in the district court of Beltrami county to foreclose the mortgage, and, in connection therewith, instituted replevin proceedings to obtain possession of the mortgaged property. The sheriff of Beltrami county received the papers for service and turned them over to a deputy, one Simon Thompson. Accompanied by John Thompson, Simon Thompson went to plaintiff's house in Itasca county to serve the papers. While attempting to do so, Simon Thompson got into an altercation with plaintiff, which was followed by an assault upon him. This action was brought to recover damages from the company and John Thompson on account of the assault. The trial resulted in a verdict for plaintiff against both defendants. This appeal is from an order denying a new trial.

The first two assignments of error relate to rulings on the admission or exclusion of evidence. No exceptions to such rulings were taken at the trial, and the rulings were not assigned as error in the motion for a new trial, hence we cannot consider them on this appeal.

The company asked for a directed verdict at the conclusion of the evidence and excepted to a denial of its request. Its principal contention here is that the request should have been granted because Simon Thompson was not its agent at the time of the assault, and, even if he was, he was not acting within the scope of the agency or in the furtherance of the company's business. We do not sustain either contention. As deputy sheriff of Beltrami county, Thompson had no authority to serve a summons or take property under the replevin papers in Itasca county. As

an individual, he had a right to serve the summons there, but not to take the mortgaged property against the will of the plaintiff. In all that he did in these respects he was acting as the agent of the Mercantile Company and not as a public officer. The question, therefore, is whether there is evidence to sustain a finding by the jury that the assault took place under circumstances which make the company liable as principal for the acts of its agent.

The testimony of Daigle and his wife is to the effect that the Thompsons came to their house together, stating that they had papers to serve and requesting Daigle, who was in the house, to step outside; that, when he hesitated to do so, Simon Thompson seized him, dragged him out of the house, threw him on the ground, knelt on his body, and attempted to handcuff him; that in the struggle between them the handcuffs fell to the ground, were picked up by Mrs. Daigle, and, as she was running away with them, John Thompson followed her, demanding their return; that, after she had thrown them into the brush, she went back and seized Simon Thompson by the arm and attempted to pull him off her husband, but John Thompson drew her away and prevented her further interference; that, at her husband's request, she then ran into the house and got a gun, which John Thompson took away from her; that later on, after Daigle was allowed to get up, Simon Thompson started towards the barn where some of the mortgaged property was located; that Daigle told him not to take any of the property, but he continued to go on; that Daigle again called to his wife to bring the gun, and John Thompson again interfered; that Mrs. Daigle then blew a blast on a horn, summoning to the rescue her son, son-in-law and daughter, who were not far from the house, and that, after the arrival of these reinforcements, the Thompsons desisted from attempting to take the property and left the premises.

Much of the testimony of the Daigles was denied by the Thompsons, but they do admit going to Daigle's house to serve the summons and to take possession of the mortgaged property by virtue of the replevin papers, an attempt to obtain such possession, and a struggle between Daigle and Simon Thompson, in which the latter—a powerful man, weighing about 250 pounds—was the victor. They do not deny that John Thompson was present while the struggle was going on, took the gun away from

Mrs. Daigle, followed her when she took the handcuffs away and demanded that they be given to him, and in no way attempted to interfere with Simon Thompson's actions. We think a case for submission to the jury of the question of the company's liability for the acts of the Thompsons was clearly made out and that the verdict against it must be sustained. Lesch v. Great North. Ry. Co. 93 Minn. 435, 101 N. W. 965; Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L.R.A. (N.S.) 598; Merrill v. Coates, 101 Minn. 43, 111 N. W. 836; Cressy v. Republic C. Co. 108 Minn. 349, 122 N. W. 484; Burnham v. Elk Laundry Co. 121 Minn. 1, 139 N. W. 1069; Nettle v. Flour City O. I. Works, 126 Minn. 530, 148 N. W. 43; Sunderland v. Northern Exp. Co. 133 Minn. 158, 157 N. W. 1085, L.R.A. 1916E, 1151.

The court charged the jury that, in their discretion, they might award punitive damages. There was no error in this. If the jury believed the testimony of the Daigles, plaintiff was wantonly assaulted and there was a reckless disregard of his rights, which would permit the award of punitive damages as against the company. Anderson v. International H. Co. 104 Minn. 49, 116 N. W. 101; Baumgartner v. Hodgdon, 105 Minn. 22, 116 N. W. 1030; Hammer v. Forde, 125 Minn. 146, 145 N. W. 810; Helppie v. N. W. Drainage Co. 127 Minn. 360, 149 N. W. 461.

The verdict was for $1,250 and it is urged that it is so excessive as to indicate passion and prejudice on the part of the jury. Daigle's physical injuries do not appear to have been serious, but, according to his testimony, he was the victim of an unprovoked attack in his own house. He was roughly handled. The invasion of his home and the indignities to which he was subjected, probably account for the size of the verdict. It could be sustained more readily if it had been for a smaller amount. The trial court approved of it, and we are unable to hold that there was abuse of discretion in permitting it to stand. Gibson v. Chicago G. W. R. Co. 117 Minn. 143, 134 N. W. 516.

Defendant John Thompson, though not actively engaged in the assault, was nevertheless a party to Simon Thompson's acts, to such an extent that the jury may well have found that he too was liable. He did not request that separate verdicts should be returned, either as to compensatory or punitive damages, and cannot now complain of the verdict

against him and his codefendant jointly. Muenkel v. Muenkel, 143 Minn. 29, 173 N. W. 184.

Order affirmed.