A. ANDERSON and others *vs.* ST. CROIX LUMBER COMPANY.

July 21, 1891.

**Appeal—Review of Errors—Requisites of Record.**—On an appeal to this court parties must stand upon the record which they have chosen to abide by when striving in the trial court, to rectify errors alleged to have been committed there.

**Error Cured by Subsequent Admission of Evidence.**—Several assignments of error considered. *Held*, that the return to this court fails to show the commission of any error upon the trial of this case.

Plaintiffs brought this action in the district court for Ramsey county, alleging for a first cause of action the sale and delivery by them to defendant of 1,209,100 feet of pine saw-logs at $5 per thousand feet, no part of which has been paid; and, for a second cause of action, a contract between the parties, made October 28, 1882, whereby plaintiffs agreed to cut, haul, bank and drive into the St. Croix boom, and deliver on the stringers, so called, 2,012,210 feet of good, sound, merchantable pine saw-logs, free from all liens, stumpages, or incumbrances, for which the defendant agreed to pay $8 for each thousand feet delivered on the stringers and scaled by the surveyor general of logs of the Stillwater district, payments to be made monthly, during the logging season, on certificate furnished by the surveyor general or his deputy that so many logs and feet have been cut, hauled and banked on the Moose Horn river, a tributary of the Kettle river—$3 for each 1,000 feet so banked; $2 more for each 1,000 feet banked at the end of the hauling season in the spring of 1883; the remaining $3 per 1,000 feet to be paid as fast as surveyed by the surveyor general below the boom, the logs to be scaled by the surveyor general as fast as they should come through the boom. The complaint alleges full performance on plaintiffs' part, but that while they were engaged, in the driving season of 1884, in performing the contract, and ready and willing to complete it, by driving the logs into the boom, the defendant forcibly prevented them from driving or delivering the logs. That the final instalment of $3 per thousand has not been paid, to

plaintiff's damage in $6,036.63, with interest, etc. The defendant, in its answer, admitted the making of the contract, denied performance by plaintiffs, and alleged a counterclaim of $8,000 for plaintiffs' non-performance. The new matter in the answer was put in issue by the reply. After a trial resulting in a disagreement of the jury, a second trial was had before *Wilkin*, J. The defendant appeals from an order refusing a new trial after verdict of $3,500 for plaintiffs, and from the judgment on the verdict.

*Fayette Marsh,* for appellant.

*Berryhill & Davison,* for respondents.

COLLINS, J. 1. The 2d, 3d, 4th, and 5th assignments of error, as specified in appellant's brief, refer solely to the sufficiency of the evidence to justify and sustain the verdict. As the certificate of the district judge who presided at the trial fails to state or show that all of the testimony produced on that occasion has been incorporated in the settled case, and as the fact has not been made to appear by the record in any other manner, each of these assignments must be disregarded. When counsel for the respondents called attention to this feature of the case on the oral argument, appellant's counsel requested that he might be allowed to have the certificate amended to correspond with what he claims was the fact in this regard, should this court be of the opinion on examination that it nowhere appeared in the record that all of the evidence produced upon the trial had been returned. It ought not to be necessary, but we take this occasion to say that we cannot review a case upon a record differing in any essential from that brought to the attention and passed upon by the lower court. Parties must stand on appeal on the record they have chosen to abide by when striving in the trial courts, to rectify errors alleged to have been commited there. Again, it would prove a very rare practice indeed should we permit a case to be amended or re-certified pending or subsequent to the arguments.

2. Assignments of error numbered 7 and 8 are referable to errors said to have been made by the court in its charge to the jury. We fail to discover that any exceptions whatsoever were taken to the charge.

3. It is urged by the sixth assignment that the court erred "in admitting the scale-bill in evidence, made by Eva." We assume that this refers to the plaintiffs' exhibit marked "F," and there are several reasons why this assignment of error possesses no merit. The exhibit was not, nor did it purport to be, a scale-bill, although Eva had been a duly-authorized deputy, and these parties seem to have employed and treated him as such at this time. The plaintiffs' counsel expressly disclaimed that it was a scale-bill, or that it was proof of the number of feet of logs gotten out by their clients under the contract. It was claimed that a duplicate of this paper had been furnished to defendant corporation by Eva, and that at a time when plaintiff Anderson was at its office these papers were compared by an officer of the corporation and its book-keeper and Anderson, and that, on the strength of the papers and the comparison, certain advances were made to plaintiffs. It was received, in connection with this testimony, as in the nature of an admission by the defendant as to the number of feet of logs. Again, and finally on this point, if anything more need be said, the defendant corporation introduced in evidence a similar paper,—Exhibit I,—made by Eva in response to its request, in which, somewhat more in detail, we find all that appeared in the paper produced by the plaintiffs, namely, an unofficial statement made by Eva of the number of feet of logs which he had scaled or measured above and below Barnum. If the court was in error when it permitted the plaintiffs to place the contents of Exhibit F before the jury, the defendant, who very soon thereafter presented Exhibit I,—practically a duplicate,—cannot have been prejudiced.

4. The first assignment of error has been disposed of in a consideration of those following it.

Judgment and order affirmed.