# A. J. HAYDEN v. L. J. LUNDGREN.[1]

November 2, 1928.

No. 26,907.

**Question for jury.**

    1. Under the evidence the question whether plaintiff was guilty of contributory negligence was for the jury.

**Where request for explanation of charge was not made, appellant's complaint was without merit.**

    2. The rule governing vehicles approaching an intersection at the same time was given correctly and required no further explanation in the absence of a request therefor.

**Rulings on admissibility of evidence.**

    3. There were no reversible errors in the rulings admitting or excluding evidence.

Appeal and Error, 4 C. J. § 2986 p. 1004 n. 63; § 2987 p. 1005 n. 68.
Motor Vehicles, 42 C. J. § 1026 p. 1225 n. 78; § 1112 p. 1264 n. 74.
Trial, 38 Cyc. p. 1696 n. 64.

Action in the district court for Ramsey county to recover for damages to person and property sustained in an automobile collision. Plaintiff had a verdict for $6,000, and defendant appealed from an order, Bechhoefer, J. denying his alternative motion for judgment or a new trial. Affirmed.

*Ware & Melrin* and *John Courtney,* for appellant.
*Bauers, Carlson & Beveridge,* for respondent.

TAYLOR, C.

Plaintiff brought this action to recover for personal injuries sustained in a collision between his automobile driven by himself and defendant's truck driven by one Ray Bloom, and also to recover for the damage to his automobile. He obtained a verdict, and defendant

[1]Reported in 221 N. W. 715.

appealed from an order denying his motion for judgment non obstante or for a new trial.

Defendant contends that plaintiff was guilty of contributory negligence as a matter of law; that the court should have qualified the instructions concerning the rights of drivers of vehicles approaching an intersection; that certain testimony of one of plaintiff's witnesses was erroneously admitted and certain testimony of one of defendant's witnesses erroneously excluded; and that plaintiff's counsel was guilty of misconduct in making certain statements at the trial and in his argument to the jury.

1. State highway No. 1, running north and south, crosses what is known as the Ellendale road at right angles a few miles north of the city of Albert Lea. Travelers on one road are plainly visible to those on the other for several hundred feet before reaching the crossing. The only obstruction is a rather large signboard at the northeast corner of the intersection containing information concerning the Ellendale road and the distance to certain places. The collision occurred at this intersection. Plaintiff was driving south on state highway No. 1 and defendant's empty truck was going west on the Ellendale road. Plaintiff stated that shortly before reaching the intersection he looked at his speedometer which showed that he was traveling between 28 and 30 miles per hour and that he continued at the same rate, and also states that he was upon the intersection before the truck reached it. The truck struck the side of the automobile and with sufficient force to smash it beyond repair. The jury could find from the evidence that the collision occurred after plaintiff was more than halfway across the Ellendale road.

Defendant cites L. 1927, p. 563, c. 412, § 4, which provides that driving a vehicle at a greater speed than "fifteen miles an hour when approaching within fifty feet and in crossing an intersection of highways when the driver's view is obstructed" "shall be prima facie evidence" of driving at an improper speed; but does not really claim that by force of this statute plaintiff's failure to slow down to 15 miles an hour constituted contributory negligence as a matter of

law. Such a claim could not be sustained for we cannot say as a matter of law that plaintiff's view was obstructed, and even if the statute were applicable it merely created a rebuttable presumption of fact. Defendant insists that plaintiff was guilty of contributory negligence as a matter of law irrespective of the statute. The evidence made plaintiff's claim that he reached the intersection first and had the right of way over the truck coming from his left, and that the truck was on the wrong side of the road, questions for the jury; and we cannot say that the evidence shows conclusively that plaintiff was guilty of contributory negligence. That question was also for the jury. Plaintiff was not bound to anticipate that the driver of the truck would be negligent. Anderson v. Duban, 170 Minn. 155, 212 N. W. 180.

2. Defendant concedes that the rule governing vehicles which approach an intersection at the same time was correctly stated by the court, but complains because the court did not explain the rule more in detail. No request was made to give any further explanation, and this claim is without merit.

3. A witness for plaintiff, who was at work about 15 rods west of the crossing and who saw both the car and the truck as they approached the crossing and saw the collision, was permitted to give his estimate of the speed of the truck. Defendant urges that the admission of this testimony was error, and insists that it was impossible for the witness to determine the speed of a vehicle coming directly toward him. The truck was coming down an incline from the top of a small hill. The witness was familiar with the driving and with the speed of cars and trucks. He said he could estimate the speed approximately having in mind the time in which it reached the crossing after he first saw it at the top of the hill. The testimony was admissible; its weight was for the jury. This witness estimated the speed of plaintiff's car at 30 to 35 miles an hour, and the speed of the truck at more than that.

4. Defendant was engaged in paving a road at a point not quite a mile east of this crossing and used a dozen or more trucks in the work. He employed a mechanic to make repairs and keep the

trucks in proper condition. After the collision this mechanic had the truck towed to his garage and made the necessary repairs. Defendant sought to show by him that the brakes were in good condition after the accident and urges the ruling excluding such testimony as error. This testimony was not important. No defect in the brakes had been charged, and defendant had already shown by the driver of the truck that they were in the usual condition and worked properly on that day; but the driver added that he tried them at the moment of the collision and "they wouldn't do anything at that moment." There was nothing else to indicate any defect in the brakes.

Defendant had shown by the driver of the truck, his own witness, that the truck had four forward speeds, and that it would go about four miles an hour in first gear, about eight in second gear, 12 to 15 in third gear, and 28 to 30 in fourth or high gear. Defendant, after showing that the mechanic was qualified to testify thereto, asked him to state how fast the truck would go in the different gears. Objections to this question were sustained. Defendant then offered to prove by the witness that the truck could not go faster than four miles an hour in first gear, nor faster than eight miles in second gear, nor faster than 12 to 15 miles in third gear. The court said:

"Your offer is extremely broad. I don't know but what you better begin to try to prove that, and I will allow you to make your objections later."

Defendant made no further attempt to prove these facts. He urges the rulings above mentioned as error. The testimony excluded might well enough have been admitted, but we see no reversible error in its exclusion, especially as defendant made no attempt to prove the speed limitations of the truck after the court granted permission to do so. None of this testimony went to the question of the contributory negligence of the plaintiff. It might have had a remote bearing upon the question of the negligence of the driver of the truck, but the sufficiency of the evidence to establish such negligence is not challenged.

We have examined the claim of misconduct on the part of plaintiff's attorney and find it without merit.

Order affirmed.