RALPH D. WILCOX AND OTHERS v. CHARLES J. HEDWALL.[1]

July 8, 1932.

No. 28,998.

[1]Reported in 243 N. W. 711.

*Leonard, Street & Deinard* and *Hyman Edelman,* for appellant.
*Eugene N. Best, Best, Flanagan & Rogers,* and *Boutelle, Bowen & Flanagan,* for respondents.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial in so far as the same was based upon assignments of error other than those having to do with the denial of defendant's application for a trial by jury. See Wilcox v. Hedwall, 185 Minn. 8, 239 N. W. 763, where the historical facts are fully stated; and also Wilcox v. Hedwall, 186 Minn. 504, 243 N. W. 709.

As a general rule all questions involved and which might have been raised on a former appeal are concluded by the decision on such appeal. McAlpine v. Fidelity & C. Co. 134 Minn. 192, 158 N. W. 967; School Dist. No. 1 v. Aiton, 175 Minn. 346, 221 N. W. 424; Kozisek v. Brigham, 183 Minn. 457, 237 N. W. 25. But defendant was protected from the harshness of that rule by the order in the prior appeal wherein we said the opinion was "without prej-udice to defendant's right to apply for a new trial in so far as it was based upon assignments of error other than those having to do with the denial of defendant's application for a trial by jury."

■ Defendant assigns as error the exclusion of exhibit 18, which was the Staring Company's ledger account on the property here involved. It was received in evidence as a memorandum of Mr. Staring's testimony. This was for a limited purpose. Defendant insists that it should have been received without limitation and that it would have made a prima facie case of the truth of each and every entry therein contained. So assuming, it falls short of proving or permitting an inference that plaintiffs ever consented that the rent be paid in monthly instalments instead of as specified in the lease. Such is the purpose of introducing the exhibit. But it has no direct bearing upon plaintiffs' consent to such an alleged agreement. It would be a supporting circumstance if there were any evidence in the case that plaintiffs had in fact so agreed. The positive, uncontradicted testimony in the case is that no such arrangement was made. We think defendant's contention is without merit, and if exhibit 18 had been received it would not have supported the claim. It in no way constituted any proof of any probative value as to any such agreement having been made by plaintiffs. It could not therefore have constituted a prima facie case of defendant's claim.

There are other assignments relating to the exclusion of other evidence of the same character, some of which were discussed in 185 Minn. 8, 239 N. W. 763; but this ruling is controlled by what is stated above.

■ Defendant assigns as error the sustaining of an objection to this question put to Mr. Wilcox:

Q. "After the appointment of Mr. Eggleston as the receiver of the Staring Company, did you have some negotiations with Mr. Eggleston with reference to his keeping this property insured?"

This assignment can have no merit, for immediately following the question the witness was permitted to and did answer a question which was to the same effect and which in substance was the identical question:

Q. "Mr. Wilcox, shortly after the appointment of the receiver, after the appointment of Mr. Eggleston as receiver, and during the

winter of 1928, did you have some talk with Mr. Eggleston with respect to the insurance on the building of this property?"

The objection to the first question was that it called for a conclusion, and about the only difference in the second question was that it used the word "talk" instead of "negotiations."

■ In the lease the lessee covenanted to keep the buildings fully insured and payable to the lessors and lessee, as their interest may appear; and it further provided that if the lessee did not do this "the lessor may procure such insurance at the expense of the lessee." Defendant offered to prove that the lessee did not provide the insurance and that the lessor procured insurance payable exclusively to himself. The purpose of this evidence was also to support the claim that plaintiffs had agreed to a modification of the payments of rent and perhaps to a substitution of another tenant. But, in the absence of some evidence to warrant an inference that plaintiffs had made such agreement, this circumstance was of no probative value. This too might have been a supporting incident or circumstance had there been some substantial evidence in the case warranting or permitting the inference claimed; but upon the record as it stands this circumstance was inadequate and insufficient to make the exclusion of defendant's offer of proof error. The matter of this insurance was also discussed in 185 Minn. 8, 14, 239 N. W. 763, 766.

Affirmed.