# LEWIS BIRD v. LLOYD JOHNSON.[1]

February 19, 1937.

No. 31,044.

*Mark F. Crotty* and *C. E. Warner,* for appellant.
*Joseph P. O'Hara* and *Clifford Janes,* for respondent.

[1]Reported in 272 N. W. 168.

PETERSON, JUSTICE.

Appeal by plaintiff from an order denying his motion for a new trial after verdict for the defendant in an action to recover damages for personal injuries.

The accident occurred on the evening of August 9, 1935, on trunk highway No. 5 at a point approximately one-quarter mile west of Cedar avenue in Hennepin county, Minnesota. Plaintiff was injured while walking rapidly or running slowly, the evidence is not clear on this point, in a northwesterly direction across the pavement from the south side. Plaintiff and two others had left the house of his brother, for whom plaintiff worked, in a model T Ford coach, crossed the pavement, then turned east along the south side of the pavement and proceeded to a point approximately 35 feet west of the point where the accident occurred. There they stopped, plaintiff got out of the Ford coach on the right side, and proceeded to the rear and then across the pavement. The pavement consists of three lanes, the northerly lane for westbound traffic, the southerly lane for eastbound traffic, and the middle lane one for passing. Plaintiff claims that he was struck by defendant's automobile when he got to the center of the middle lane. Defendant claims that he was driving in the northerly lane going west; that he did not see plaintiff until he got about 10 or 15 feet from him, at which time plaintiff was in the middle of the northerly lane; that thereupon the defendant applied his brakes and did everything he could to avoid hitting plaintiff. Defendant says he was going about 40 to 45 miles per hour. Plaintiff claims that he was going about 50 miles per hour, and that he did not stop his car in time to avoid striking plaintiff and causing him very severe injuries.

■ The court below struck from the record testimony of plaintiff's sister, with whom he had lived and who had had ample opportunity to observe him, to the effect that he was not as bright and they could not depend on him as they could on "the rest of us," in answer to a question asking for her opinion as to his mentality. The sister had testified that she had had opportunity to observe plaintiff, but she had not testified as to any circumstances and

254

facts concerning him, upon which the opinion was based. Nonexpert witnesses may give an opinion as to mental capacity only after having first stated the facts and circumstances upon which the opinion is based so that the jury can determine whether the facts, as well as the opinion itself, are correct. The ruling was correct as the record then stood. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3316; In re Pinney's Will, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; McKillop v. Duluth St. Ry. Co. 53 Minn. 532, 55 N. W. 739; Scott v. Hay, 90 Minn. 304, 97 N. W. 106; Walso v. Latterner, 143 Minn. 364, 173 N. W. 711; Fryklind v. Jackson, 190 Minn. 356, 252 N. W. 232.

■ Error is also claimed because the following testimony of the plaintiff was stricken: "I stopped in the middle of the street. He told them I had—jumped out one side but I didn't—." Respondent claims that the court intended to strike only the last sentence of the answer. Probably this is true, but it is not clear from the record. To strike that part was not error. The testimony that plaintiff stopped in the middle of the street was admissible and important, but later plaintiff testified again that he stopped in the middle of the street, and this answer was permitted to stand. Error, if any, was cured by subsequently receiving plaintiff's testimony to the same effect. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7192; Wilcox v. Hedwall, 186 Minn. 500, 243 N. W. 711.

■ It is claimed that error was committed in receiving certain evidence to impeach one of plaintiff's witnesses, Mr. Rudolph. Mr. Rudolph testified that after the accident he rode in to Minneapolis with the defendant, and while so riding with him the defendant told him that he, the defendant, did not see the plaintiff "until he hit him." Rudolph further testified that he saw defendant hit the plaintiff when he was "in the center of the road." Testimony to impeach Rudolph was given by the defendant himself to the effect that Rudolph told him, while they were riding to Minneapolis, that defendant was not to blame for the accident; and by a deputy sheriff and a constable who testified that immediately after the accident, but before defendant and Rudolph had started for Minne-

apolis, Rudolph stated that the defendant was not to blame and had done everything he could to avoid the accident. It is claimed that the impeachment testimony is not material to the issue and that the effect of it was to place before the jury the inadmissible opinion evidence of the witness Rudolph, which went to the merits of the case, citing Flanery v. C. M. & St. P. Ry. Co. 158 Minn. 384, 197 N. W. 747; 28 R. C. L. p. 634, § 220, and other authorities. Respondent relies upon Uggen v. Bazille & Partridge, 123 Minn. 97, 143 N. W. 112, and other authorities. Plaintiff himself introduced in evidence a report from the sheriff's office of Hennepin county containing a statement by the witness Rudolph that the accident was not the defendant's fault and that the defendant tried hard to avoid hitting plaintiff. Under such circumstances, the error, if any, is cured. Error in admitting evidence is no ground for new trial if the complaining party subsequently introduces substantially the same evidence. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7192; Weide v. Davidson, 15 Minn. 258, 261-262 (327); Anderson v. St. Croix Lbr. Co. 47 Minn. 24, 26, 49 N. W. 407; Willett v. G. N. Ry. Co. 154 Minn. 10, 13, 191 N. W. 260.

It is also urged that the court erred in charging that the defendant had the right to assume that no adult person in his right senses would step from behind a parked automobile without any precaution to avoid the westbound traffic. First, it is said that this portion of the charge is not justified because it is not applicable to the facts in that it conclusively appears that plaintiff did not possess the intelligence of an adult. The court submitted the question to the jury whether Bird was a person of the intelligence of an adult or was mentally deficient. The instruction given was preceded by a qualification that it was to apply if plaintiff was found to be a person of ordinary prudence. The jury understood that if he was a person of ordinary prudence the charge was to apply; otherwise this matter was to be decided under other portions of the charge in which the court instructed the jury that if it found from the evidence that plaintiff was not at the time of the accident a person of ordinary prudence and judgment and was mentally de-

ficient he would be required to exercise only such care as persons of his mentality and judgment would exercise in the same or similar circumstances. Near the close of the charge the court instructed the jury to construe each instruction in the light of, and in harmony with, every other instruction given. It seems to us that the exception to the charge is not well taken. At the trial plaintiff excepted to this part of the charge only upon the ground that "the instruction did not take into account the fact that if Bird [plaintiff] did step out from behind the automobile suddenly or otherwise, there was still a considerable distance that he traveled before he came into the path of defendant's car, and the jury should be instructed that they should take that fact into account if they should find that he did suddenly step out from behind the automobile." He did not make the objection then that he does now, because there was no apparent basis then for the objection now made.

It is further claimed that there is no evidence at all to justify the charge that defendant came from behind the car from which he alighted, because the car had moved eastward 30 or 35 feet before plaintiff started to cross the highway. We have examined the evidence carefully, and we find at least four instances in which the testimony shows that the plaintiff alighted from the car in question, went around back of it, and then across the highway. Rudolph testifies that plaintiff got out of the car, went around to the back of it, and when they were driving away he looked out of the car, to the rear, and saw plaintiff in about the middle of the road. Upon the whole evidence, the charge was applicable. The exception which plaintiff took to it at the time would seem to indicate that this is true. It is next claimed that this part of the charge is objectionable because it nullifies that part of the charge in which the court instructed the jury with respect to the degree of care plaintiff was required to exercise in the event it was found that his mentality was deficient. From what has already been said it is clear that this is without merit.

It is urged that the court erred in failing to charge that defendant was negligent as a matter of law, because it is claimed that it conclusively appears that defendant was driving at an excessive

and unlawful rate of speed; and that the only issue for the jury was plaintiff's contributory negligence. There is some dispute as to whether defendant was driving between 40 and 45 or 50 miles per hour. Speed of motor vehicles on highways is regulated by 3 Mason Minn. St. 1936 Supp. § 2720-4(b), which makes a violation thereof *prima facie* evidence that a speed in excess of that allowed by the statute is greater than is reasonable and proper as defined therein. The statute simply makes driving a motor vehicle in excess of the statutory speed limits a *prima facie* violation of the statute itself. Hayden v. Lundgren, 175 Minn. 449, 221 N. W. 715; see 19 Minn. L. Rev. 666, 679, note 67. Defendant's negligence was a question of fact for the jury. Hayden v. Lundgren, 175 Minn. 449, 221 N. W. 715. Plaintiff's contributory negligence was submitted to the jury, and he has no complaint in this respect. Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481; Murray v. Jacobson, 195 Minn. 153, 262 N. W. 152.

■ Error is assigned because of the failure of the court to charge that defendant's admitted speed, which was between 40 and 45 miles per hour, was *prima facie* negligence because it exceeded 20 miles per hour, the rate of speed allowed on any highway where the same passes through the residence portion of any municipality, by 3 Mason Minn. St. 1936 Supp. § 2720-4(b)(7). At the place in question the highway passes through the village of Richfield, but the evidence shows that it does not pass through the residence portion of the village. The land is agricultural, being used for farms and truck gardens. There are four houses there within a distance of one-half mile. The closest house east was a quarter of a mile away, and there were two houses on the west, one of which was 400 feet distant. All of these houses were the residences of farmers and truck gardeners. See In re Smith's Estate, 51 Minn. 316, 53 N. W. 711; State ex rel. Chase v. Minnesota Tax Comm. 135 Minn. 205, 160 N. W. 498; City of St. Paul v. Kessler, 146 Minn. 124, 178 N. W. 171; State v. Stryker, 149 Minn. 335, 183 N. W. 671; In re Petition of DeGriselles, 185 Minn. 495, 241 N. W. 590.

We have considered all other matters urged by the appellant and find no reversible error.

Affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.