JOSEPH CREA v. WALTER W. WUELLNER.[1]

January 18, 1952.

No. 35,469.

---

[1]Reported in 51 N. W. (2d) 283.

*William W. Fink,* for appellant.

MATSON, JUSTICE.

Defendant appeals from an order denying a new trial.

In an action to recover damages for an assault and battery, the trial court found as a matter of law that defendant had committed an assault and battery upon plaintiff and instructed the jury accordingly. Only the question of whether plaintiff was entitled to actual and punitive damages was submitted to the jury. Under the evidence, no special damages by way of loss of wages appeared, and the jury was so instructed. A verdict of $375 was awarded to plaintiff. Defendant's motion for a new trial was denied, and we have this appeal which raises the following issues:

(1) Was it error to direct a verdict upon the issue of whether defendant committed an assault and battery?

(2) Was it error to submit the question of punitive damages to the jury?

(3) Was it prejudicial error to admit evidence of defendant's statement made in a prior criminal proceeding arising out of the same facts to the effect that defendant told the justice of the peace before whom he appeared, in entering a plea of guilty, that he was willing to pay plaintiff's damages?

The assault and battery charge arises out of the following facts:

On the evening of October 1, 1949, plaintiff with his wife and a few friends went to a night club called the Melody Inn, where they were assigned a table. Defendant and his wife, accompanied by the latter's sister and her husband, Leonard A. Snider, occupied another table. The two table groups had no acquaintance with each

other prior to the commencement of hostilities. Plaintiff and his wife joined in the dancing. At the same time defendant's wife and her sister danced together, and, while so engaged, according to their testimony, plaintiff, having bumped into them, said:

"* * * If you can't dance any better than that get the hell off the floor."

Plaintiff and his wife both deny having said anything. At the conclusion of the dance, the two couples returned to their respective tables. Defendant and his brother-in-law, Snider, were told of the incident by their wives. Shortly thereafter plaintiff retired to the lavatory, where he was followed by defendant and Snider. When the latter two entered the lavatory, plaintiff stood occupied before the urinal. The uncontradicted evidence is that defendant, without any warning to plaintiff, grabbed or seized plaintiff by the left shoulder and swung him around, berating him at the same time for telling his wife to keep off the dance floor. Plaintiff's testimony is that as he was being swung around defendant hit him in the eye with his fist and in so doing broke plaintiff's glasses and cut a gash under his right eye. As he was struck, his glasses flew to the floor. Plaintiff denies that he ever attempted to strike defendant. Snider, defendant's brother-in-law, testified that defendant swung plaintiff around by his shoulder and in the meantime knocked, brushed, grabbed, or slapped the glasses off plaintiff's face. Defendant's testimony was that as he swung plaintiff around by the shoulder the latter made, or appeared to make, a pass at him before he, defendant, took, grabbed, or scraped the glasses from plaintiff's face and slapped him.

■ In the light of the evidence as a whole, taking the view thereof most favorable to plaintiff, and with due regard to plaintiff's testimony and that of Snider, coupled with the uncertainty of defendant's own testimony, and further taking into consideration that plaintiff, immediately prior to being struck by defendant, was off guard and so preoccupied with a personal matter that he could not reasonably have attempted to strike defendant, it was not error

for the trial court to find as a matter of law that defendant committed an assault and battery. See, Hanrahan v. Safway Steel Scaffold Co. 233 Minn. 171, 46 N. W. (2d) 243. The evidence as a whole furnishes no basis for sustaining a finding that defendant had any occasion or justification for striking plaintiff in self-defense. See, M. S. A. 619.40; 1 Dunnell, Dig. & Supp. § 537. A motion for a directed verdict is properly granted where, in the light of the evidence as a whole, it would clearly be the duty of the trial court to set aside a contrary verdict as manifestly against the evidence. Hanrahan v. Safway Steel Scaffold Co. *supra;* Hanson v. Homeland Ins. Co. 232 Minn. 403, 45 N. W. (2d) 637.

■ We find no error in the submission of the question of the allowance of exemplary or punitive damages to the jury. Although exemplary damages are not a matter of right, if the evidence justifies a finding that the assault and battery was committed so wantonly or maliciously as to show a conscious or a reckless disregard of the rights of plaintiff, the question of allowance thereof is one for the jury, which in the exercise of a sound discretion may award reasonable exemplary damages in addition to the actual damages sustained.[2] The evidence herein is such that the jury could reasonably find that defendant's attack upon plaintiff was made with such wantonness and maliciousness as to show a reckless disregard of plaintiff's rights.

■ Assuming, without so deciding, that it was error to permit plaintiff to testify, over the objection of defendant, that defendant had stated before the justice of the peace in a criminal proceeding that he was willing to pay plaintiff's damages, the error was cured when defendant himself upon direct examination subsequently gave

[2]Hoffman v. N. P. R. Co. 45 Minn. 53, 47 N. W. 312; Johnson v. Wolf, 142 Minn. 352, 172 N. W. 216; Schmidt v. Minor, 150 Minn. 236, 184 N. W. 964; Anderson v. International Harv. Co. 104 Minn. 49, 116 N. W. 101, 16 L.R.A.(N.S.) 440; Baumgartner v. Hodgdon, 105 Minn. 22, 116 N. W. 1030; Corn v. Sheppard, 179 Minn. 490, 229 N. W. 869; Bronson Steel Arch Shoe Co. v. T. K. Kelly Inv. Co. 183 Minn. 135, 236 N. W. 204; 2 Dunnell, Dig. & Supp. §§ 2539 to 2552; Annotations, 16 A. L. R. 771 and 123 A. L. R. 1115.

substantially the same testimony. Error in admitting evidence is not ground for a new trial if the complaining party subsequently introduced substantially the same evidence.[3]

The order of the trial court is affirmed.

Affirmed.

[3]Willett v. G. N. Ry. Co. 154 Minn. 10, 191 N. W. 260; Bird v. Johnson, 199 Minn. 252, 272 N. W. 168; 5 Dunnell, Dig. & Supp. § 7192; see, 1 Wigmore, Evidence (3 ed.) §§ 15 and 18(D); 6 Jones, Evidence (2 ed.) § 2524.

[1]Reported in 51 N. W. (2d) 276.