GLADYS WELSAND AND ANOTHER, d.b.a. WELSAND
TRANSFER COMPANY, v. RAILROAD AND WAREHOUSE
COMMISSION OF MINNESOTA.
MURPHY MOTOR TRUCK LINES, INC., INTERVENOR.

88 N. W. (2d) 834.

March 7, 1958—No. 37,306.

*Patrick J. Casey,* for appellants.

*Miles Lord,* Attorney General, and *John R. Murphy,* Assistant Attorney General, for respondent commission.

*Claude H. Allen* and *Allen, Courtney & Keyes,* for respondent intervenors.

MATSON, JUSTICE.

Appeal from an order denying a new trial.

Appellants' permit as contract carriers was canceled by the Railroad and Warehouse Commission. Upon appeal to the district court the commission's order was affirmed. Appellants moved for a new trial which was denied.

Appellants are copartners doing business as the Welsand Transfer Company with their principal place of business in Litchfield, Minnesota. They have operated their trucking business under a contract-carrier permit since 1951. At that time they were authorized by the Railroad and Warehouse Commission (hereinafter called the commission) to transport freight for four customers. In 1952 they applied to the commission for permission to transport for thirteen accounts, but were only authorized to haul for ten accounts. Since 1952 appellants transported freight for the same ten customers although application for additional customers and to substitute customers have, at various times, been made to and rejected by the commission.

In December 1955, following a complaint that appellants were operating in violation of their contract-carrier permit by transporting for customers not approved by the commission, the commission conducted a hearing pursuant to which it ordered appellants' permit suspended and ordered appellants to cease all operations under the authority of

their contract-carrier permit from January 4, 1956, to midnight on January 13, 1956. The commission's order also provided that any further violation of appellants' authority would be considered a wilful and knowing violation of law, and of the rules of the commission, and that proof of such a violation would be considered sufficient grounds to cancel their permit.

Appellants failed to appeal the commission's order. Moreover, during the period of suspension, appellant Howard Welsand violated the order by transporting freight in his automobile from Minneapolis and St. Paul to Litchfield. Welsand admitted this violation in an informal hearing before the commission. No action was taken at that time to enforce the commission's order, but instead appellants were placed on probation for three months and were notified that the commission would consider their requests to substitute customers if they operated within the bounds of their authority under their permit for the probation period. During the probation period, however, appellants transported fifteen different shipments of freight for various customers, none of which was on their list of customers approved by the commission. Upon complaint that appellants were operating in violation of their contract-carrier authority, and after an investigation, the issuance of an order to show cause, and a hearing, the commission found that appellants had violated commission rule 316.02 and also the commission's order of December 1955. It ordered appellants' permit canceled and directed them to cease operation as of November 30, 1956.

On appeal to the district court, the commission's order canceling their permit was held to be lawful and reasonable and commission rule 316.02 was held to have been duly adopted and to be lawful and reasonable in all respects.

This appeal presents the following basic issues: (1) Where the legislature (M.S.A. 15.042) prescribes the persons to whom notice of a hearing be given prior to the adoption of an administrative rule, and such persons receive notice, is such rule invalid as to others not receiving such notice? (2) Where, under a broad statutory rule-making authority (§ 221.18) the Railroad and Warehouse Commission adopts a rule (here rule 316.02) which requires an applicant for a contract-carrier permit to list its customers and, where the list exceeds ten or

the commission finds the carrier to be serving more than ten, requires the carrier to show cause why it is not acting as a common carrier, is such rule invalid per se because it is not explicitly or literally authorized by the statute? (3) Does the adoption of the above rule (316.02) as applied to contract carriers and as indirectly affecting shippers constitute an unreasonable exercise of the police power in violation of the state and Federal constitutions?

■ Is rule 316.02 of the commission invalid because notice of the public hearing for its adoption was not given to all contract carriers and shippers who would be affected by the rule? Clearly not. Thirty days' notice of the adoption-of-rules hearing was mailed *to all accredited representatives of trade associations or other interested groups who had registered their names with the secretary of state for that purpose* as required by § 15.042, subd. 4, which is applicable to all administrative agencies.[1] There was therefore no failure to comply with the statute.

Despite statutory compliance, appellants urge that the promulgation of rule 316.02 is nevertheless invalid on the theory that the statutory provision (§ 15.042, subd. 4) for the giving of notice does not operate uniformly on all persons similarly situated. Appellants contend that all shippers and contract carriers were vitally interested in the commission's adoption of the rules and that they were in the same class as those notified of the hearing on the rules. It is further urged that the failure to notify them resulted in a nonuniform operation of the law against persons of the same class. We do not concur in this contention. It is obvious that the notice provision of § 15.042, subd. 4, operates uniformly against all of the same class, namely, those interested in the commission's promulgation of rules. It required that all who were interested indicate their desire to receive notice by registering their names with the secretary of state. None were barred from taking advantage of the registration provision. Those shippers and contract carriers who did in fact register with the secretary of state received notice.

■ It is not to be overlooked that due process does not require an administrative agency — here the commission — to give notice to all

---

[1] See, M.S.A. 216.11 as to rules governing procedure.

interested parties of a hearing for the promulgation of its rules.[2] In Bi-Metallic Investment Co. v. State Board of Equalization, 239 U.S. 441, 445, 36 S. Ct. 141, 142, 60 L. ed. 372, 375, Mr. Justice Holmes, in passing on the validity of the promulgation of a rule of the State Board of Equalization and Colorado Tax Commission, appropriately said:

"Where a rule of conduct applies to more than a few people it is impracticable that every one should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule."

■ Is rule 316.02 invalid on the theory that the commission was not vested with statutory power to adopt a regulation which requires an applicant for a contract-carrier permit to list its customers and, where the list exceeds ten or the commission finds the carrier to be serving more than ten, requires the carrier to show cause why it is not acting as a common carrier? We find ample statutory authority. M.S.A. 221.18, subd. 2, in so far as here pertinent, provides:

"The commission is further vested with the power and authority * * * to make such rules and regulations and require such reports under oath as may be necessary to the enforcement of sections 221.18 to 221.39."[3]

Sections 221.18 to 221.39 provide generally for the regulation of contract carriers and irregular-route common carriers. At the time rule 316.02 was promulgated, a contract carrier was defined under

---

[2]See, Bowles v. Willingham, 321 U.S. 503, 64 S. Ct. 641, 88 L. ed. 892; Bi-Metallic Investment Co. v. State Board of Equalization, 239 U. S. 441, 36 S. Ct. 141, 60 L. ed. 372.

[3]Sections 221.01 to 221.53 were repealed in 1957 upon the adoption of a new chapter relating to the regulation by the Railroad and Warehouse Commission of motor vehicle transportation for hire. Ex. Sess. L. 1957, c. 17.

M.S.A. 1949, § 221.02, subd. 14, as "any person engaged in the business of transporting property for hire over the public highways of this state, other than as a common carrier." In the light of these provisions, it becomes clear that the legislature vested the commission with the power to adopt rules necessary for the regulation of contract carriers without, however, giving an exact definition of what should constitute a contract carrier. The reasonable implication is that the legislature intended that the commission under its power to promulgate rules should adopt whatever definitions were reasonably necessary within the area of authorized regulation. In order to implement the legislature's mandate, it was reasonably necessary to adopt a more accurate definition of a contract carrier and in meeting that need the commission adopted rules 316.01 and 316.02. In vesting regulatory power in an administrative agency, the legislature need not expressly delineate with particularity or exactness each and every phase of the power so conferred, but may, in order to give the administrative function reasonable flexibility, leave the exact scope of the rule-making power to reasonable implication and this includes an implied power to formulate necessary classifications and definitions within the designated area of regulation.[4] One of the basic purposes of administrative regulation is to leave preciseness and detail of application to administrators who supposedly will bring an expert's familiarity to bear upon the problems under consideration.

■ Contrary to appellants' contention, the adoption of rule 316.02, as applied to contract carriers and as indirectly affecting shippers, does not constitute an unreasonable or a discriminatory exercise of the police power in violation of the state and Federal constitutions. The ever increasing need for regulating the operation of vehicles and the transportation of property upon our highways in order to protect motorists and shippers and to promote the public safety generally seems too obvious to require discussion. The legislature has explicitly recognized the need by declaring (§ 221.39) that the business of

---

[4]See, American Trucking Assns. Inc. v. United States, 344 U.S. 298, 73 S. Ct. 307, 97 L. ed. 337. As to delegation of powers generally, see Davis, Administrative Law, §§ 10 to 27.

operating a motor vehicle for the transportation of property by a contract carrier or a common carrier upon the highways of this state is a business affected with the public interest, and by further declaring (§ 221.40) that it is the purpose and policy of the legislature to confer upon the commission the power and authority to make it its duty to supervise and regulate the transportation of property by commercial motor vehicles upon or over the highways of this state in all matters, *whether specifically mentioned or not,* so as to protect the safety and welfare of the traveling and shipping public and so as to preserve, foster, and regulate transportation and permit the coordination and rerouting of transportation facilities. In discussing the police power, this court has pointed out:

"* * * In the exercise of this power, which is as flexible and adaptable as the vital needs of our changing society, the state acts as the conservator of the public welfare. The objective of its exercise is the preservation of the public welfare, as distinguished from the protection or advancement of a mere private interest, and the remedy adopted thereunder must be reasonably designed to accomplish its purpose without going beyond the reasonable demands of the occasion. A wide discretion is vested in the legislature in determining when a public welfare need exists and in the selection of an appropriate remedy."[5]

We conclude that rule 316.02 is a reasonable and nondiscriminatory means for the accomplishment of its purpose and is constitutional.

The district court did not err in finding that the commission's cancellation of appellants' permit was neither arbitrary nor unreasonable in the light of the evidence. Appellants persisted in violating their contract-carrier authority in spite of a warning by the commission that further violation would be considered knowingly wilful and would subject them to the cancellation of their permit. Despite this warning they violated a commission order. Even then the commission did not take any action to enforce its order but instead offered to consider requested changes in appellants' list of customers if they operated within the

---

[5]Breimhorst v. Beckman, 227 Minn. 409, 430, 35 N.W. (2d) 719, 732, citing State ex rel. Beek v. Wagener, 77 Minn. 483, 80 N.W. 633, 778, 46 L.R.A. 442, 77 A.S.R. 681; see, 3 Dunnell, Dig. (3 ed.) §§ 1604, 1605.

bound of their authority for a probation period of three months. During this probation period, however, they violated their authority by transporting shipments of freight for customers not on the list approved by the commission. In view of this continuing pattern of violations by appellants, the commission's cancellation of their permit was based on just cause and was neither unfair nor unreasonable.

■ We need not pass on the issue of whether the trial court erred in excluding evidence to show that the commission had granted to other applicants permits for more than ten contracts. Later the court reversed its ruling. An alleged error in the exclusion of evidence does not constitute reversible error where the trial court later changes its ruling and permits reception of such evidence.[6] Other alleged errors in the exclusion of evidence need not be considered since no ruling thereon was requested of the trial court.

The order of the trial court is affirmed.

Affirmed.

---

[6]See, Wilcox v. Hedwall, 186 Minn. 500, 243 N.W. 711.