Harlan R. WARD, Respondent,

v.

NATIONAL CAR RENTAL
SYSTEM, Appellant.

No. 49547.

Supreme Court of Minnesota.

Jan. 18, 1980.

Alex B. Leibel & Associates and Robert
R. Drevlow, Minneapolis, for appellant.

Dorsey, Windhorst, Hannaford, Whitney
& Halladay and Thomas W. Tinkham, Min-
neapolis, for respondent.

KELLY, Justice.

In this action for false arrest plaintiff
recovered a judgment for $7,500, based on a
special verdict which determined that he
had been imprisoned at defendant's instiga-
tion, that defendant did not have reasona-

ble cause to believe a theft of its automobile had occurred, and that plaintiff was entitled to actual damages of $5,000 and punitive damages of $2,500. Appealing from the judgment and an order denying its post-trial motion for reduction of the damages or a new trial, defendant presents several claims of error, most of which we find to be without merit. We agree, however, with its contention that punitive damages were not justified by the evidence in this case.

The events on which plaintiff's action is based occurred on December 10, 1973. On that day, plaintiff, the president of National Computer Systems, a Minnesota firm, flew to Monterey, California, to call on a customer. When he arrived at noon, plaintiff's employees, Tom DeGarry and John Firehammer, met him and they drove in DeGarry's automobile to the customer's plant. About 4 p. m., their business finished, plaintiff asked the employees and three employees of the customer to come to the airport bar with him for a drink. While returning to the airport, he suggested that he and Firehammer rent an automobile from defendant, as plaintiff often did when visiting the customer. On arrival at the airport, plaintiff stopped at defendant's rental booth and asked defendant's manager, Donald Coelho, if he could rent an automobile, to be returned the following day. He said he would be back in an hour to sign the papers and pick up the vehicle, gave Coelho his last name, and then went to the bar.

About 6 p. m. plaintiff and his companions returned to the booth, and found no one there. An envelope with plaintiff's name on it was in a rack on the counter, and DeGarry examined the envelope, which contained a set of automobile keys. Assuming the keys had been left as an accommodation, plaintiff took them, located the automobile to which they belonged, and drove off with his associates to a local restaurant. He left no note at the booth and did not call defendant during the evening.

Defendant's manager said he had gone to lunch and had left a note saying he could be found in the coffee shop. When he returned, he saw the keys were missing and on checking found the automobile was gone. He told Sgt. Willis of the Monterey Airport Police that he had been holding the automobile for a Mr. Ward but had no idea who took it. Willis then issued a bulletin to the police to be on the lookout for a stolen car, obtained plaintiff's name and address from the airline he had used that morning, and called his home to learn that he was staying at the Holiday Inn in Monterey. Coelho testified he called the motel at 8 p. m. and talked to a clerk who said plaintiff had registered and relayed Coelho's request for plaintiff to return to the airport to sign the rental contract for the automobile. Coelho said the clerk then informed him plaintiff refused to accede to that request. Coelho then told Sgt. Willis he wanted plaintiff brought to the airport.

Plaintiff denied having come to the hotel before midnight. He said he then registered and, as he was going to his room, three police officers placed him under arrest for "grand theft-auto." They read him his *Miranda* rights, conducted a body search, locked him in a squad car for 15 minutes, and then drove him to the airport in a police truck. There they took him to defendant's rental counter, where Coelho asked him to sign a rental application and, according to plaintiff, accused him of stealing the automobile. An argument ensued, plaintiff left and called his attorney in Minneapolis, and when he returned to defendant's booth, the police and Coelho were not there.

Plaintiff testified that the arrest became common knowledge among his company's customers and among his employees, that he is repeatedly asked to explain the circumstances to customers, and that it interferes with his ability to submit bids for and to obtain government contracts.

■ In our view this evidence furnishes adequate support for the findings that plaintiff had been imprisoned, that the imprisonment was instigated by defendant, that defendant did not have reasonable cause to believe that a theft of its automo-

bile had occurred, and that plaintiff had sustained the actual damages of $5,000 awarded him. We can find no basis in the evidence, however, for the award of punitive damages.

Such damages, as both parties recognize, are properly awarded when the evidence justifies a finding that a defendant's tortious act was committed so wantonly or maliciously as to show a conscious or reckless disregard of the plaintiff's rights. *Crea v. Wuellner*, 235 Minn. 408, 51 N.W.2d 283 (1952). But the fact that Coelho's conduct was found to have instigated the arrest without reasonable cause and, therefore, to have been unlawful does not of itself justify punitive damages. *Benson Co-op. Creamery Assn. v. First Dist. Assn.*, 276 Minn. 520, 529, 151 N.W.2d 422, 427 (1967). There is no evidence from which it can be inferred that Coelho knew his conduct was wrong and unlawful nor does the record show aggravating circumstances from which malice might be inferred. In the absence of such evidence, the issue of punitive damages was improperly submitted to the jury and the award for such damages must be reversed. *Benson Co-op. Creamery Assn. v. First Dist. Assn., supra* ; 5B Dunnell, Dig. § 2540 (3d ed. 1966).

Having determined that defendant's other claims of error raise no issue requiring discussion, we direct that the judgment be affirmed insofar as it awards actual damages and reversed insofar as it awards punitive damages.

Affirmed in part, reversed in part.

TODD, J., took no part in the consideration or decision of this case.