**BLOCHER OUTDOOR ADVERTISING COMPANY, INC., Petitioner, Appellant,**

v.

**MINNESOTA DEPARTMENT OF TRANSPORTATION, Respondent.**

**No. C2–83–1701.**

Court of Appeals of Minnesota.

April 17, 1984.

Marvin A. Liszt, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., John C. Jeppesen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

Blocher Outdoor Advertising Company, Inc., appeals from the judgment of the trial court affirming the decision of the Commissioner of Transportation to deny Blocher's applications to erect advertising signs on property abutting an interstate highway. The Commissioner denied the applications because the property was unzoned and because the minimal business activities conducted on the property were not sufficient to qualify as "unzoned commercial or industrial activity" as required by Minn.Stat. § 173.02, subd. 14, and defined by 14 MCAR § 1.5037 E.10.[1] Blocher contends that the rule upon which the decisions were based is invalid because it is more restrictive than the statute and even if the rule were not invalid, the conclusion reached by the Commissioner and the court is not supported by the evidence. We affirm.

## ISSUES

1. Is 14 MCAR § 1.5037 E.10. defining "unzoned commercial or industrial activity" a reasonable rule enacted within the authority granted to the Commissioner?

2. Is the Commissioner's conclusion that Randy's Salvage Service operation is not an "unzoned commercial or industrial activity" supported by substantial evidence in view of the entire record?

## FACTS

Blocher applied to the Department of Transportation for permits to erect two advertising signs on property which is located on the north side of interstate highway I–94 near the St. Augusta interchange in Stearns County. A sign technician at the Department of Transportation denied the applications on February 21, 1980, after finding that the signs were not located in an unzoned commercial or industrial area. Blocher erected the signs without a permit and the Department mailed notices of violation to Blocher with instructions to remove the signs.

The property on which the signs are located is owned by Randy Cichy. It was unzoned when Blocher requested permits. Advertising signs are permitted on unzoned property only if it is in an unzoned commercial or industrial area.

Randy Cichy testified that he operates a business called Randy's Salvage Service on the property. Cichy also holds a full-time job at another location. Cichy testified that he stores things at the property which he later sells and that he also uses the property as a place to repair vehicles for his customers. He said that he did not operate Randy's Salvage in 1979 but that he grossed about $200 from the business in that same year "from junk [he] got rid of." By September of 1980, his annual income from the business was about the same.

Cichy has a sign which advertises his business. Blocher provided the sign to Cichy at no cost. Besides the sign, Cichy advertises by word of mouth.

Dean Hanson, a sign technician with the Department of Transportation, testified that he visited the Cichy property at least 11 times between February and September of 1980. Hanson saw various pieces of old farm machinery on the grounds but no auto parts. Hanson took photographs of the same stockpile on different dates. He

1. This rule was recently recodified as Minnesota Rules 8810.1000, subpart 2.

said that the pictures showed that there were no changes in the stockpile.

On one visit, Hanson went into the building on the property. No one was there. Hanson took pictures which showed the usual things found inside a house except that there was also a pile of tire rims. He saw no evidence of a worksite.

Hanson called Randy's Salvage "at least twice a day, every day, morning and afternoon, and sometimes a third call at night after supper" for a 19-day period. Hanson made at least ten calls after supper. He let the phone ring ten times each time. The phone was never answered.

A member of the township board testified that he checked on a culvert on a neighboring property in late winter or early spring. He observed that there were no tire tracks going to the Cichy property in the snow. The road had been plowed only as far as the neighboring property. He also testified that he bought a field of hay across from Cichy's property. When visiting the hay field, he saw no activity at Cichy's property.

A hearing examiner concluded, among other things, that the Cichy property did not qualify as an unzoned commercial or industrial activity as defined by statute and rule. The Commissioner of Transportation adopted the conclusions of the hearing examiner and ordered that Blocher's application to erect advertising signs be denied and that the signs be removed. The District Court affirmed the decision of the commissioner.

## ANALYSIS

### I

Minnesota's policy regarding advertising along interstate highways is set forth in Minn.Stat. § 173.01 (1982). The legislature declared that to "conserve the natural beauty of areas adjacent to certain highways, it is necessary to reasonably and effectively regulate * * * advertising devices * * *. [O]utdoor advertising * * * should be allowed to operate where other business and commercial activities are conducted * * *." *Id.* Advertising signs are permitted in "business areas" if they otherwise comply with chapter 173. Minn.Stat. § 173.08, subd. 1(h). A business area includes property which is not zoned business, commercial, or industrial, but which constitutes an unzoned commercial or industrial area. Minn.Stat. § 173.02, subd. 9 (1982). An unzoned commercial or industrial area means an area not zoned by state or local law, regulation or ordinance, on which there is a permanent structure devoted to commercial or industrial activity or on which a commercial or industrial activity is actually conducted. Minn.Stat. § 173.02, subd. 14. "Commercial or industrial activity" is broadly defined in the statute as an "activity generally recognized as commercial or industrial by zoning authorities in this state * * *." Minn.Stat. § 173.-02, subd. 15. This statute specifically excludes certain activities from the commercial or industrial category, including "outdoor advertising devices" and "transient or temporary activities." *Id.*

The legislature authorized the Commissioner of Transportation to promulgate rules and regulations "as may be necessary to carry out the policy of the State declared in this chapter." Minn.Stat. § 173.185, subd. 2 (1982). Based on this authority, the Commissioner promulgated 14 MCAR § 1.5037 E.10., which states:

For the purposes of Minn.Stat. § 173.-02, subd. 14, the unzoned commercial or industrial activity will be an activity which is in an area that would be generally recognized as commercial or industrial by zoning authorities within the state, and such activity without discrimination, except as to age, serves the general public, during normally accepted business hours and on a regularly scheduled basis of not less than one hundred fifty (150) days of continuous operation, during a state annual permit period.

Blocher contends that this regulation is more restrictive than the provisions of Minn.Stat. § 173.02(14) and thus should be declared invalid by this court. The trial court found that

[t]he rule is needed, as are rules in most instances, because the act only generally defines commercial and industrial areas and activities. Rules are generally more definite than the language of the statute in the sense that they more concisely define the terms of the statute so that the statute may be applied in a reasonable and consistent manner against all parties affected. The regulation here was necessitated by the very general terms of the statute.

The trial court, citing *State v. Hopf,* 323 N.W.2d 746 (Minn.1982), concluded that the rule is "a reasonable and not overly restrictive interpretation of the statute." We agree with both the reasoning and conclusions of the trial court.

The rule at issue was promulgated pursuant to statutory authority. "As such it 'is valid and is as binding upon a court as a statute if it is (a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable.'" *Hopf,* 323 N.W.2d at 752 (quoting 1 K. Davis, *Administrative Law Treatise,* § 50.03 at 299 (1958)); Minn. Stat. § 14.38, subd. 1; *Cf.* Minn.Stat. § 14.45 (in a pre-enforcement rule challenge the court shall declare a rule invalid if it violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with statutory rulemaking procedures).

■ Blocher has raised no procedural objections to the promulgation of the rule; therefore, the question is whether the rule is within the granted power and is reasonable. In addition to the Commissioner's express authority to promulgate rules, the Commissioner also has "an implied power to formulate necessary classifications and definitions within the designated area of regulation." *Hopf,* 323 N.W.2d at 752 (quoting *Welsand v. State of Minnesota Railroad & Warehouse Commission,* 251 Minn. 504, 509, 88 N.W.2d 834, 838 (1958)). While the legislature did define "commercial or industrial activity" in Minn.Stat. § 173.02, subd. 15, it gave only a general definition. To implement the policy set forth by the legislature, the Commissioner adopted a more specific definition of "commercial or industrial activity." The rule assures that the statute will be applied in a consistent manner. The requirement that an activity be a generally recognized commercial or industrial activity serving the general public during normally accepted business hours for a continuous period of at least 150 days per year is a minimal requirement and not overly restrictive. The rule is within the power granted to the Commissioner.

We further find that the rule is reasonable. It is rationally related to the end sought to be achieved by the act. Therefore, we hold that 14 MCAR § 1.5037 E.10. is a valid and binding rule.

The trial court also concluded that the Commissioner could have reached the same decision by relying on the statute alone and that it is unnecessary to rely on the regulation to find that Randy's Salvage Service was not an unzoned commercial or industrial activity. Again, we agree. In the words of the trial court, "the facts of this case demonstrate overwhelmingly that the location in question was not commercial by any reasonable definition."

## II

■ Blocher contends that the conclusions of the Commissioner are not supported by the evidence. This court may reverse or modify the decision of the Commissioner only if Blocher's substantial rights have been prejudiced because the conclusions are "[u]nsupported by substantial evidence in view of the entire record as submitted * * *." Minn.Stat. § 14.69 (1982).

Randy's Salvage Service is at best a sporadic, part-time operation. The advertising and income are minimal. Cichy claims to repair vehicles, yet he claims no income from the repair work. There were no automobile parts on the property other than a pile of tire rims, there was no worksite on the property, and there were no changes in the stockpiles of old farm machinery. The phone was not answered at times when Cichy claimed to be operating his business.

No tire tracks were observed on the property in late winter or early spring and the road to the property was not plowed. The neighboring landowner observed no activity on the Cichy property during the summer.

Using the standards set forth in *People's Natural Gas Co. v. Minnesota Public Utilities Comm'n*, 342 N.W.2d 348, 351 (Minn.Ct.App.1983), we conclude that there is substantial evidence when reviewed in light of the entire record to support the Commissioner's conclusions. Randy's Salvage made extremely limited use of the Cichy property. This limited use does not constitute a commercial or industrial activity by any reasonable definition. Thus, the Cichy property fails to qualify as an unzoned commercial or industrial area.

### DECISION

The order of the Commissioner of the Department of Transportation denying the permits for advertising signs and directing the signs be removed is affirmed.

Affirmed.