**A-PLUS DEMONSTRATIONS, INC., Relator,**

v.

**COMMISSIONER OF JOBS AND TRAINING, Respondent.**

**No. C3-92-1553.**

Court of Appeals of Minnesota.

Jan. 19, 1993.

Eric J. Magnuson, Mark W. Schneider, Tracy L. Wessel, Rider, Bennett, Egan & Arundel, Minneapolis, for A–Plus Demonstrations, Inc.

Kent E. Todd, Minnesota Dept. of Jobs and Training, St. Paul, for Commissioner of Jobs and Training.

Considered and decided by HARTEN, P.J., and NORTON and KLAPHAKE, JJ.

## OPINION

HARTEN, Judge.

Relator A–Plus Demonstrations, Inc. seeks review by writ of certiorari of a determination by respondent Commissioner of Jobs and Training that A–Plus has unemployment insurance tax liability under Minn.R. 3315.0520C (1989). A–Plus asserts that the Commissioner exceeded his statutory authority in promulgating the rule. Alternatively, A–Plus challenges the application of the rule to its enterprise. We affirm.

## FACTS

A–Plus is in the business of providing its clients with demonstrators of food and cos-

metic products. The clients pay A–Plus; in turn, A–Plus pays the demonstrators. A–Plus retains a portion of what it is paid by the clients.

In May 1991, the Department of Jobs and Training informed A–Plus that the department had determined that A–Plus had an employer-employee relationship with the demonstrators pursuant to Minn.R. 3315.0520C. A–Plus objected to the determination and requested a hearing.

A department referee issued a decision finding that there was an employer-employee relationship pursuant to Minn.R. 3315.0520C. A–Plus appealed to the Commissioner. On July 20, 1992, a Commissioner's representative adopted the referee's findings and affirmed the decision.

## ISSUES

1. Did the Commissioner exceed his authority in promulgating Minn.R. 3315.0520C?

2. Did the Commissioner err in applying Minn.R. 3315.0520C?

## ANALYSIS

1. Prior to 1988, Minn.R. 3315.1500C (1987) provided:

Services performed by factory demonstrators who are placed by a manufacturer or distributor in stores and other locations to aid in the sale of products, who are hired by, who are paid directly or indirectly by, and who work under the direction of the manufacturer or distributor, although this direction may be delegated to the retailer, are in the employment of the manufacturer or distributor making the placement. If the retailer, not acting as an agent for the manufacturer or distributor, hires, directs, and pays the demonstrator directly, the retailer is the employer. If the wages are paid in part by the manufacturer or distributor, and in part by the retailer, the demonstrator is in the employment of both. Each is required to pay contributions on the part of the remuneration which it pays, provided that it is an employer under Minnesota Statutes, sections 268.03 to 268.24.

In 1988, the Commissioner renumbered and amended rule 3315.1500. *See* 13 State Register 1057 (1988). The amendment added the following provision to the new Minn.R. 3315.0520C:

> If the demonstrator is referred to the job through a placement agency that is in the business of providing demonstrators to clients, the placement agency is the employer unless the placement agency neither pays nor receives, directly or through an agent, the salary or wages of the demonstrator, but is compensated on a fee basis by the demonstrator or the client for whom the service is performed.

*See* 13 Minn.Reg. 1057.

■ A–Plus argues that the Commissioner's authority to promulgate rule 3315.0520C is negated by Minn.Stat. § 268.04, subd. 12 (1988). *See* Minn.Stat. § 14.45 (1988) (reviewing court may find agency rule invalid if in excess of statutory authority); *see also* Minn.Stat. § 14.69(b) (1988) (reviewing court may find agency contested case decision invalid if in excess of statutory authority). Minn.Stat. § 268.04, subd. 12(1)(b) lists specific types of performance of services that are statutorily defined as "employment" within the meaning of the unemployment compensation statute, Minn. Stat. §§ 268.03–.24 (1988). Minn.Stat. § 268.04, subd. 12(1)(c) defines as "employment" any service performed by an

> individual who is a servant under the law of master and servant or who performs services for any employing unit, unless such services are performed by an independent contractor.

A–Plus asserts that subdivision 12(1)(b) is an exclusive list of the services presumptively not performed by independent contractors. *See* Minn.Stat. § 645.19 (1988) ("[e]xceptions expressed in a law shall be construed to exclude all others"). Therefore, contends A–Plus, the Commissioner does not have the authority to promulgate rules that presume employment if the specific services are not listed by the legislature. We disagree.

■ The unemployment compensation statute was enacted by the legislature for the declared purpose of

providing, under the police powers of the state for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed by no fault of their own.

Minn.Stat. § 268.03. The statute is "remedial in nature," and must be "liberally construed." *Holman v. Olsten Corp.*, 389 N.W.2d 236, 238 (Minn.App.1986). The statute favors coverage of employment. *See Flores v. Department of Jobs & Training*, 411 N.W.2d 499, 502 (Minn.1987) (statutory limitations on eligibility for benefits strictly construed). Minn.Stat. § 268.0122, subd. 5 (1988) gives the Commissioner authority to make permanent rules to comply with the law. *See also* Minn.Stat. § 14.05, subd. 1 (1988).

■ An administrative agency's construction of the statute it is charged to administer is given "great weight" by the courts. *Krumm v. R.A. Nadeau Co.*, 276 N.W.2d 641, 644 (Minn.1979), *quoted in Holman*, 389 N.W.2d at 238. "An unreasonable interpretation by the Commissioner, however, will not be upheld." *Holman*, 389 N.W.2d at 238 (citing Minn.Stat. § 645.17(1) (1984)). Minn.R. 3315.0515 (1988) provides that the classes of workers listed in section 268.04, subdivision 12(1)(b) "are statutory employees even though they are independent contractors under common law rules."

Conversely, the types of services listed in rule 3315.0520, entitled "General Inclusions," appear to have been determined by the Commissioner not to be performed by common law independent contractors. Such a determination is within the Commissioner's authority. The Commissioner simply exercised his expertise in deciding that store demonstrators are in employment relationships under common law independent contractor principles.

■ It is presumed that the exercise of administrative authority in promulgating regulations rests on justifying facts. *Perko v. United States*, 204 F.2d 446, 450 (8th Cir.1953), *cert. denied*, 346 U.S. 832, 74 S.Ct. 48, 98 L.Ed. 355 (1953).

One of the basic purposes of administrative regulation is to leave preciseness and detail of application to administrators who supposedly will bring an expert's familiarity to bear upon the problems under consideration.

*Welsand v. Minnesota R.R. & Warehouse Comm'n,* 251 Minn. 504, 509, 88 N.W.2d 834, 838 (1958).

■ Application of common law independent contractor rules to demonstrators is problematic. *See* Minn.R. 3315.0555 (1989) (setting out factors to determine if individual is independent contractor). An administrative agency may formulate its policy either "by promulgating rules or on a case-by-case determination." *Bunge Corp. v. Commissioner of Revenue,* 305 N.W.2d 779, 785 (Minn.1981). We find nothing in the statute to require the Commissioner to determine if a worker is an independent contractor on a case-by-case basis. *Cf. Wangen v. Commissioner of Pub. Safety,* 437 N.W.2d 120, 124 (Minn.App.1989) (promulgated rule in conflict with statutory provision for hearing), *pet. for rev. denied* (Minn. May 12, 1989). We cannot say that the Commissioner's promulgation of this rule is unreasonable.

■ For the first time at oral argument, A–Plus drew this court's attention to a 1980 referee's determination that A–Plus workers were independent contractors. We are not persuaded that the 1980 determination in any way invalidates the rule under consideration. It is within the agency's authority to promulgate policy by rule rather than on a case-by-case basis. Additionally, "referees' decisions in related or unrelated matters" do not bind the Commissioner. *Ginsberg v. Department of Jobs & Training,* 481 N.W.2d 138, 144 (Minn.App. 1992), *pet. for rev. denied* (April 9, 1992). We hold that the Commissioner validly promulgated Minn.R. 3315.0520(C).

■ 2. A–Plus also argues the Commissioner's representative erred in applying Minn.R. 3315.0520C. We hold that the Commissioner's representative properly applied the rule. A–Plus "receives" the pay from its clients and "pays" the wages of the demonstrators. A–Plus retains a percentage of the wages. While that may mean A–Plus is compensated on a "fee basis," A–Plus compensates itself as the funds pass through it, and is not paid a fee per se by the demonstrator or the client. The Commissioner properly concluded that A–Plus is the employer under Minn.R. 3315.0520C.

## DECISION

The Commissioner properly promulgated and applied Minn.R. 3315.0520C.

Affirmed.